# EXHIBIT 1

IN THE DISTRICT COURT OF CHEROKEE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| BIGIE LEE RHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. __CJ-2014-170__ |
| | ) |
| APACHE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff, Bigie Lee Rhea, individually and on behalf of all others similarly situated, and for cause of action against Defendant, Apache Corporation ("Apache"), alleges and states as follows:

### I. PARTIES

1.     Bigie Lee Rhea is a resident and citizen of the State of Oklahoma.

2.     Apache is a foreign corporation with its principal place of business in Houston, Texas.

### II. JURISDICTION AND VENUE

3.     Jurisdiction is proper in the District Court of Cherokee County because the amount in controversy, exclusive of attorney's fees, litigation expenses, costs and interest, exceeds the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code. The claims of the named Plaintiff do not exceed the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, but the exact amount of said claims cannot presently be described in a sum certain because Defendant has exclusive control of the information and documents necessary to calculate said damages.

1

4.      Pursuant to OKLA. STAT. tit. 18, § 471, venue is proper in the District Court of Cherokee County because Apache is a foreign corporation and Plaintiff resides in Cherokee County and because Apache made royalty payments (and provided false and/or misleading check stub detail) to Plaintiff in Cherokee County, Oklahoma.

### III. FACTUAL ALLEGATIONS

5.      Plaintiff is a royalty owner in oil and gas wells from which Apache markets gas pursuant to oil and gas leases and pooling orders in the State of Oklahoma (the "Oklahoma Wells"). In many cases Apache is the well operator and in other cases Apache is a non-operator. Each of the wells produces gas exclusively pursuant to Oklahoma Corporation Commission ("OCC") established Drilling and Spacing Units. As a result of the OCC created unit, all royalty owners in each well unit are pooled together and are required to be paid a proportionate part of the royalty owed by Apache under the terms of oil and gas leases and pooling orders that are the basis of Apache's right to market gas from each well. Plaintiff is a royalty owner in one or more of the Oklahoma Wells by virtue of certain oil and gas leases entered into by Plaintiff with Apache or other working interest owners in the same well. Apache pays royalty to Plaintiff based on gas that Apache markets from each of the Oklahoma Wells pursuant to the terms of Oklahoma law. *See* OKLA STAT. tit. 52, § 570.4. Specifically, Plaintiff is a royalty owner in the following Oklahoma Wells, all of which are located in Section3-T13N-R21W, Roger Mills County, Oklahoma:

        a.      Bonnie 1-3;

        b.      Bonnie 3-3;

        c.      Drinnon 2-3;

d.    Drinnon 4-3;

e.    Drinnon 8-3; and

f.    Elliott 1-3.

Plaintiff is a mineral owner in said Section 3 and his mineral interest is subject to an oil and gas lease dated March 3, 1978 by Bonnie Elliott, a widow, Thomas Michael Elliott & Linda Elliott, his wife; Millard Elliott single, and Wilma Jean Hollingsworth & Eulon Hollingsworth, her husband (lessors) and J. Cooper West_ (lessee) covering an undivided mineral interest in Lots 1, 2, 3 & NE/4 NW/4; S/2 N/2 & SE/4 Section 3-13N-21W, Roger Mills County, Oklahoma.

6.    As a working interest owner and, in many cases, also the operator of the Oklahoma Wells, Apache is responsible for marketing the royalty share of the raw natural gas produced at the lease and obtaining the best price available for the benefit of the royalty owners, including Plaintiff. Apache is a lessee under Plaintiff's lease described above. Apache has paid and continues to pay Plaintiff royalty monthly on the wells described above.

7.    On January 1, 1998, Apache entered into a contract with Transok, Inc. ("Transok") whereby Apache agreed to deliver to Transok "all gas it produces in the Dedicated Area" (the "1998 Contract"). In turn, Transok agreed to "gather, deliver, and, if applicable, compress" the gas for the benefit of Apache. Pursuant to the contract, the Dedicated Area was restricted to the State of Oklahoma and included (i) gas from wells connected to existing gathering systems owned or operated by Transok; (ii) gas produced or attributed to wells drilled and completed or recompleted subsequent to the date of

3

contract; and (iii) gas from wells acquired by Apache and otherwise not dedicated or subject to an agreement with Transok or a third party at the time of acquisition.

8.      In July 1999, Transok was acquired by Enogex Gathering & Processing, LLC ("Enogex") and Enogex assumed Transok's obligations under the 1998 Contract. Apache marketed gas and paid royalty from the Oklahoma Wells under the terms of this gas contract and/or other contracts with Enogex.

9.      Under the terms of the 1998 Contract, Apache reserved the right, prior to delivering gas to Transok, and later to Enogex, to "process all of its gas and retain all of the oil and liquid hydrocarbons." Liquid hydrocarbons, also known as Natural Gas Liquids ("NGLs"), are valuable byproducts extracted from natural gas and include, among others, ethane, propane, butanes, and pentanes plus. Although Apache reserved the right to extract these valuable NGLs from the gas so that the NGLs could be separately marketed prior to delivering the gas to Transok, and later Enogex, Apache never exercised its right to do so. As a result, in accordance with Exhibit C ("Gathering Terms and Conditions") to the 1998 Contract, Transok, and later Enogex, processed the gas and retained the value of the extracted NGLs for their own benefit. Because Apache failed to exercise its right to extract the NGLs, Apache never received any value for the extracted NGLs and, in turn, never paid any royalty on the value of the extracted NGLs to royalty owners, including Plaintiff. Apache applied this contract even to royalty payments for wells drilled after 1998 without justification.

10.      Pursuant to its terms, the 1998 Contract was to remain in full force and effect until December 31, 2012. Thereafter, the 1998 Contract was to remain in effect

4

from month to month, with each party having the ability to terminate the contract by providing written notice thirty (30) days in advance.

11.    However, on July 1, 2011, prior to the expiration of the 1998 Contract, Apache and Enogex entered into a new contract that expressly superseded all previous contracts and agreements between the parties (the "2011 Contract"). Pursuant to the terms of the 2011 Contract, Enogex is now required to pay for the NGLs extracted from the Oklahoma Wells starting in 2012.

12.    Prior to the 2011 Contract, Apache failed to exercise its right to extract the NGLs prior to delivering its gas to Enogex, and further failed to negotiate any payment from Enogex for the value of the extracted NGLs. And, even after execution of the 2011 Contract requiring Apache to secure payment from Enogex for the value of the extracted NGLs, Apache still pays only a portion of the value of the NGLs to which the royalty owners, including Plaintiff, are entitled. Apache's failures in these regards constitute a breach of its duty to royalty owners, including Plaintiff, to obtain the best price available for gas from the Oklahoma Wells.

13.    As a result of Apache's conduct, Plaintiff and all other royalty owners in the Oklahoma Wells have been harmed. Apache never disclosed to Plaintiff and all other royalty owners in the Oklahoma Wells that no royalty was paid on the enhanced value of extracted NGLs. The monthly check stubs sent to Plaintiff at his home in Cherokee County (and all other royalty owners in the Oklahoma Wells) did not disclose the Btu (heating value) content of the gas in violation of Oklahoma's check stub statute which non-disclosure further prevented royalty owners from understanding that gas from their

5

respective wells likely had valuable NGL that could be extracted and sold for an enhanced value.

## IV. CLASS ALLEGATIONS

14.    Plaintiff brings this action as representative of a class of individuals (the "Class") pursuant to OKLA. STAT. tit. 12, § 2023(b)(3). The Class is comprised of:

> All non-excluded persons or entities with royalty interests in wells with a Btu content of 1050 or higher where Apache Corporation marketed gas from the well pursuant to the terms of the January 1, 1998 contract between Transok, Inc. and Apache Corporation and/or the July 1, 2011 contract between Enogex Gathering & Processing LLC and Apache Corporation (and any other contract with Transok or Enogex or their successors in interest) and the gas was or could have been processed for the removal and sale of valuable natural gas liquids (NGL) on or after January 1, 2000.

> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) publicly traded oil and gas exploration companies and their affiliates; (3) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the Court.

15.    The Class Members are so numerous that joinder of all members is impracticable.

16.    Plaintiff's claims are typical of the claims of all Class Members, as all Class Members are similarly affected by Apache's uniform wrongful conduct and their claims are based on such conduct. Further, Plaintiff's claims are typical of all Class Members because their claims arise from the same underlying facts and are based on the same factual and legal theories as the claims of all Class Members.

17.    Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex commercial litigation, including oil and gas class actions.

6

18. Class certification is appropriate because common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members.

19. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because:

      a. The questions of law and fact are so uniform across the Class that there is no reason why individual Class Members would, at their own expense, want to control the prosecution of individual actions;

      b. To Plaintiff's knowledge, there is no pending class litigation against Apache that incorporates the allegations contained herein;

      c. The interests of all parties and the judiciary in resolving these matters in one forum without the need for a multiplicity of actions are great; and

      d. The difficulties in managing this class action will be slight in relation to the potential benefits to be achieved on behalf of each and every Class Member, and not just those who can afford to bring their own actions.

## V. CAUSES OF ACTION

### Breach of Contract

20. The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to each of the other claims made.

21. Pursuant to the terms of its oil and gas leases and force pooling orders related to the Class Wells, Apache had the duty to pay royalty based on the best price obtainable for gas it marketed from each Oklahoma Well. Apache failed in this duty by

not paying royalty on the value of NGLs that were or could have been extracted from the gas stream and sold separately.

22.     Apache has breached the oil and gas leases and pooling orders by uniformly failing to obtain the best price available for the NGLs.

23.     As a result of Apache's breach, Plaintiff and the Class have been damaged.

24.     Additionally, Plaintiff's and the Class' claims are based on an open account beginning with the initial royalty payments for all gas marketed since January 1, 2000 and still continuing on each Oklahoma Well.

## Tortious Breach of Contract

25.     The allegations set forth above are incorporated herein by reference.  This claim is made both cumulatively and in the alternative to each of the other claims made.

26.     Plaintiff and the other Class Members have a contractual relationship with Apache by virtue of oil and gas leases that are the basis of Apache's royalty obligation to Plaintiff and other Class Members.  The relationship of oil and gas lessor-lessee is a special relationship under Oklahoma law.

27.     Apache's actions amount to much more than a simple breach of contract. Apache is guilty of tortious breach of the implied covenant to market contained in the oil and gas leases by failing to properly and honestly pay royalty due on the enhanced value of NGLs to Plaintiff and the Class.

28.     As a result of Apache's tortious breach, Plaintiff and the Class have been damaged.

29.    Apache should pay, in addition to actual damages, punitive damages as a method of punishing Apache and setting an example for others.

### Fraud (Actual and Constructive) and Deceit

30.    The allegations set forth above are incorporated herein by reference.  This claim is made both cumulatively and in the alternative to each of the other claims made.

31.    Apache secretly and knowingly underpaid royalty without the knowledge of Plaintiff and the Class.

32.    Apache sent false and misleading statements monthly to Plaintiff and other Class Members on check counter-foils with the intent to have Plaintiff and the Class rely on those false and/or misleading statements.  Apache knew that Plaintiff and the Class had no option but to rely on the false and/or misleading statements of Apache.  Under such circumstances, reliance of the Class is presumed in law and fact.

33.    Apache should pay, in addition to actual damages, punitive damages as a method of punishing Apache and setting an example for others.

### Accounting

34.    The allegations set forth above are incorporated herein by reference.

35.    Apache has a duty to timely disclose to Plaintiff and the Class the full and true value of the production from the wells.  Apache has breached that duty.

36.    Apache has failed to account to Plaintiff and the Class for their proper royalty share of production from the Wells.  Specifically, Apache has failed to account to Plaintiff and the Class for the value of the NGLs that Apache (1) failed to extract prior to delivering its gas to Enogex; and (2) failed to procure from Enogex subsequent to delivering its gas.

37.     Plaintiff and the Class request an order of this Court requiring Apache to provide a full and complete accounting for the value of the extracted NGLs in each Oklahoma Well.

## VI. PRAYER FOR RELIEF

WHEREFORE, named Plaintiff seeks an order of this Court granting judgment for damages that do not exceed the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, including:

      a.    an accounting;

      b.    actual damages;

      c.    punitive damages;

      d.    interest;

      e.    attorney's fees;

      f.    expert and litigation costs;

      g.    court costs; and

      h.    such other relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

Respectfully submitted,

Lawrence R. Murphy, Jr., OBA No. 17681
Mariann M. Atkins, OBA No. 30475
RICHARDS & CONNOR
ParkCentre Building
525 South Main Street
Twelfth Floor
Tulsa, OK 74103-4509
Telephone: (918) 585-2394
Facsimile: (918) 585-1449

Bradley E. Beckworth, OBA No. 19982
Jeffrey J. Angelovich, OBA No. 19981
Lisa P. Baldwin
NIX, PATTERSON & ROACH, LLP
3600 N Capital of TX Hwy
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5332

Susan R. Whatley, OBA No. 30960
John C. Hull, OBA No. 21707
Trey Duck
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415

Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
1215 Classen Drive
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7800

**ATTORNEYS FOR PLAINTIFF**

11