IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   BIGIE LEE RHEA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 6:14-CV-00433-FHS |
| | ) | |
| 1.   APACHE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO QUASH THIRTY-TWO (32) NOTICES OF SUBPOENAS DUCES TECUM
TO GPA MIDSTREAM ASSOCIATION AND BRIEF IN SUPPORT**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP") (and local rules
LCvR 37.1) non-party, GPA Midstream Association, a non-profit trade association ("GPA
Midstream"), hereby moves to quash each of the thirty-two (32) Notices of Subpoena for
Documents to Members of the Board of Directors of GPA Midstream (the "GPA Member
SDTs") served by Plaintiff, Bigie Lee Rhea ("Rhea"), on GPA Midstream. A true and accurate
representative copy of the contents of the GPA Member SDTs is attached hereto as Exhibit "A".
In support of this Motion and Brief, GPA Midstream states as follows:

**I.      GPA FACTS ("GF") SUPPORTING GROUNDS FOR QUASHING RHEA'S SDT.**

1.      GPA Midstream is a non-profit trade organization of oil and gas midstream
gatherers and processors. See Affidavit of Craig Rainey, ¶ 2, attached hereto as Exhibit "B" (the
"Rainey Affidavit").

2.      GPA Midstream has approximately 100 corporate or other business entity
members of all sizes that are engaged in the gathering and processing of natural gas, currently
referred to in the industry as midstream activities.  Among those approximately 100 members,
are the following separate legal business entities:

a.   AKA Energy Group, LLC;

b.   Anadarko Petroleum Corporation;

c.   AUX Sable Liquid Products, Inc.;

d.   Carrera Gas Companies, LLC;

e.   Chevron Corporation;

f.   Cimarex Energy, Company;

g.   ConocoPhillips Company;

h.   Crestwood Midstream Partners, L.P.;

i.   DCP Midstream, LLC;

j.   Enable Midstream Partners, LP;

k.   Enbridge Energy Partners, LP;

l.   Energy Transfer Partners, LP;

m.   EnLink Midstream, LLC;

n.   Enterprise Products Operating, LLC;

o.   Kinder Morgan, Inc.;

p.   MarkWest Energy Partners, L.P.;

q.   Martin Midstream Partners, L.P.;

r.   Mustang Gas Products, LLC;

s.   ONEOK Partners, LP;

t.   Phillips 66 Company;

u.   Pioneer Natural Resources Company;

v.   Prism Midstream, LLC;

w.   SemGas, LP;

     x.   Shell Global Solutions (US), Inc.;

     y.   Southcross Energy Partners, L.P.;

     z.   Southwestern Midstream Services Company;

     aa. Summit Midstream Partners, LLC;

     bb. Superior Pipeline Company;

     cc. Targa Resources Company;

     dd. Tesoro Logistics, L.P.;

     ee. The Williams Companies, Inc.; and

     ff. XTO Energy, Inc.

Id., at ¶4. Each of these members appoints a person to sit on the board of the GPA Midstream.

3.      On October 20, 2016, Rhea served GPA Midstream with 33 document subpoenas, including one on GPA Midstream itself and 32 other subpoenas on GPA Midstream, attempting to affect service of process on the member companies of GPA Midstream who are on the GPA Midstream Board of Directors listed in Paragraph 2 above. See Exhibit "A," as a representative copy. Because all of the GPA Member SDTs are essentially identical in form and content, despite Rhea replacing the name on each of the 32 subpoenas with a different member listed as a board member of the association, GPA Midstream has only attached one of the 32 subpoenas as Exhibit "A" hereto for the Court's convenience.

4.      GPA Midstream engaged attorney Craig Rainey ("Mr. Rainey") on February 26, 2016, to serve as the association's General Counsel. Mr. Rainey renders legal services for GPA Midstream on a basis where he directly bills the association for the legal services on an hourly rate basis. Mr. Rainey only provides about an average of ten (10) hours (or less) of legal services for GPA Midstream per month. Mr. Rainey is not, and has not been, an employee of GPA

Midstream. See Exhibit "B", ¶ 2.

5.      In relation to this case and Plaintiff's suspect relevancy rationale for serving the GPA Member SDTs, Mr. Rainey was contacted by the counsel for Defendant Apache Corporation ("Apache") and asked to serve as an expert witness regarding certain industry customs and practices in the oil and gas midstream activity area for use in the above-captioned matter based on Mr. Rainey's independent experience as an oil and gas attorney for over thirty-five (35) years. Id. at ¶ 3. Indeed, Plaintiff attached to the GPA Member SDTs the expert report of Mr. Rainey in this case. See Exhibit B, and Exhibit B therein.

6.      None of the information which Mr. Rainey provided in his expert report was based upon his contacts or communications with GPA Midstream, or his review of any GPA Midstream files or documents. GPA Midstream was unaware that Mr. Rainey was even providing this expert report to Apache Corporation until being served by Rhea with the 33 subpoenas in this case. Id. at ¶ 3.

7.      On October 20, 2016, the GPA Member SDTs were purportedly served via hand delivery on GPA Midstream. Id.

8.      Each of the GPA Member SDTs purportedly served on each of these member companies through service on GPA Midstream alleges that the member companies, (the legal entities themselves), are board members of GPA Midstream. While these entities appoint persons to sit on the non-profit association's board, the companies themselves are simply voluntary members of GPA Midstream and are in all respects separate legal entities, all of which are registered to do business in the State of Oklahoma and have provided information to the Oklahoma Secretary of State's Office identifying their authorized agent for service of process. Whoever those registered service agents may be, it is absolutely clear that GPA Midstream is not

a registered agent for service of process of any of the named companies nor does it have the permission or authorization from any of the member companies to accept service of process on their behalf. Id. at ¶ 4.

9.      It has come to the attention of GPA Midstream that Plaintiff also mailed copies of the GPA Members SDTs to each of the member companies listed in Paragraph 2 above, which included a cover letter that stated in part "a document subpoena has been served on [name of company] through GPA Midstream Association ("GPA"), as your company is a member of the GPA's board of directors." The letter goes on to suggest "please find attached a courtesy copy of the subpoena." By this communication, it is clear that despite no legal basis for service, Plaintiff is suggesting that the actual purported service of process of the separate member companies was made by service upon GPA Midstream. Id. at ¶ 5. A true and correct sample of these letters sent to the member companies reflecting these statements is attached hereto as Exhibit B, Exhibit 3 therein.

10.      Counsel for GPA Midstream has met and conferred with counsel for Plaintiff and, indeed, counsel for Plaintiff represents that Plaintiff in fact was attempting to serve each of the separate member companies of GPA Midstream by serving only the non-profit association. The follow-up email dated November 4, 2016, between counsel for GPA Midstream and counsel for Plaintiff reflecting these discussions in the telephonic meet and confer is attached hereto as Exhibit "C". The telephonic contact was made with Plaintiff's lead counsel located in Austin, Texas, thus complying with LCvR 7.1(g).

## II.      ARGUMENTS AND AUTHORITIES

In order to protect parties or nonparties from potential abuse of the subpoena power, the District Court is empowered to grant a motion to quash a subpoena. FED. R. CIV. P. 45(d)(3). The

abuse here by Plaintiff of the subpoena power should be readily apparent to this Court. Plaintiff seeks to obtain a vast numbers of documents, some of which may contain trade secrets, from 32 different separate legal entities, all of which have their own registered agents and principal places of business, by serving these separate subpoenas on a non-profit trade association of which these 32 companies are voluntary members.

In effect, to use an analogy that would be familiar to this Court, this would be the same as a plaintiff attempting to serve subpoenas seeking documents from non-party individuals Mr. Beckworth, Mr. Angelovich, Ms. Whatley, Mr. Hull, Mr. Banner, Mr. Hardwick, Mr. Murphy, and Ms. Adtkins (all counsel in this case), by serving a subpoena on the Oklahoma Bar Association, on the basis that each of these attorneys is a voluntary member of the association. While this would save paper, it would also annihilate due process and personal jurisdiction rules that bind the courts and protect the trust and confidence in the judicial system. There is no basis under the Federal Rules of Civil Procedure that permits a plaintiff to use the subpoena power in attempts to gain jurisdiction over non-parties without directly serving those non-parties, but, rather, only serving a non-profit association of which these respective non-parties are members. If this were so, membership with the US Chamber of Commerce or its regional divisions would carry significant risk for companies to be hauled into courts all over the country without notice. Such attempts are plainly an abuse of the subpoena power, and one that creates undue burden and expense on non-parties, such as GPA Midstream here. See FED R. CIV. P. 45(A)(D)(3).

The Court must quash the GPA Member SDTs because none of the 32 GPA Member SDTs were served on the proper party – which is not GPA Midstream. A subpoena is served by "delivering" a copy to the person named in the subpoena. FED. R. CIV. P. 45(b)(1). Generally speaking, the majority rule, which is followed by the Tenth Circuit, is that personal service of a

subpoena is required, and that service by mail or other substituted service is insufficient. Smith v. Midland Brake, Inc., 162 F.R.D. 683, 686 (D. Kan. 1995) (service of subpoena duces tecum by certified mail improper), attached hereto as Exhibit "D". This did not occur here.

Further, in relation to serving business entities under the Federal Rules of Civil Procedure, the pleading must be served on a corporation, partnership, or association, etc. in a judicial circuit of the United States in a manner prescribed for individuals (i.e., personal service) or by delivering a copy of the summons to an officer, a managing or general agent, or other agent authorized by appointment or law to receive service of process on behalf of the business entity and, if the agent is one authorized by statute and the statute so requires, by also mailing a copy of each to the party. FED. R. CIV. P. 4(h). While GPA Midstream is unaware of attempts by plaintiffs in federal courts to serve non-profit associations in order to effect service of process on their member companies, this type of situation has unsuccessfully been attempted and reliably rejected by federal courts when a plaintiff attempts to serve a member of a board of directors of a company by simply serving the company. Thompson v. Kerr, 555 F. Supp. 1090 (S.D. Ohio 1982), attached hereto as Exhibit "E". As the court in Thompson correctly observed (in the context of a for profit bank in that instance), "it is doubtful that service upon a business, only irregularly visited by some or all of the directors, would satisfy the reasonable notice requirements embodied in due process." Id. at 1094 (ordering dismissal for insufficiency of service of process finding that plaintiff cannot obtain in personam jurisdiction over 17 members of the board of directors of a bank by service of summons and complaint at the corporate office of the bank rather than serving the individual defendants personally); see also Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613 (1st Cir. P.R. 1988) (holding claims against 3 individual directors were dismissible under former Rule 4(j) [now Rule 4(m)] where plaintiffs

failed to serve summonses and copies of complaints on these individual directors by serving the corporation), attached hereto as Exhibit "F". Under the Federal Rules of Civil Procedure, and particularly true for innocent non-parties subject by subpoena to be protected by the courts pursuant to statute, service of process must be on the actual person or authorized service agent – not circumvented by simply serving any separate entity associated in some form or fashion with that person or business. If the rule were otherwise, this would be a clear violation of the Due Process Clause of the U.S. Constitution.

The facts in this case are even more egregious than the facts in Thompson (i.e., bank directors that allegedly committed wrongdoings in performance of their duties for the bank). Here, GPA Midstream is simply a non-party non-profit trade association. See GF, ¶ 1. It has been served by Plaintiff with 32 subpoenas demanding production of documents in the possession, custody and control of its member companies – documents which it has no legal right to obtain or even attempt to obtain. See GF, ¶¶ 2-3. There has been no wrongdoing alleged against GPA Midstream or its members in this case, and they are not parties. Despite the practical fact that GPA Midstream does not have in its possession, custody, or control the documents of its members, importantly, none of GPA Midstream's members have bestowed any authority whatsoever, by contract or otherwise, on GPA Midstream, as a non-profit trade association, as its members' registered agent for service of process. See GF, ¶ 8.

The member companies themselves are in all respects separate legal entities, created by the statutory authorities of their respective States' corporation or limited liability acts, and all of which are registered to do business in the State of Oklahoma and have provided information to the Oklahoma Secretary of State's Office identifying their authorized agent for service of process. Id. Whoever those registered service agents may be, it is absolutely an indisputable fact

8

that GPA Midstream is <u>not</u> a registered agent for service of process of any of its member companies nor does it have the permission or authorization from any of its member companies to accept service of process on their behalf. <u>Id.</u>

There is no legal basis to compel GPA Midstream under the Federal Rules of Civil Procedure to produce information it has no authority under law to obtain. An attempt by this Court to make it do so would clearly create an undue burden on GPA Midstream, and would be futile given the laws of the United States and the Federal Rules of Civil Procedure. Further, Plaintiff's attempt to serve the separate legal entity members of GPA Midstream by delivering the GPA Member SDTs to GPA Midstream is improper harassment that appears to be in retaliative targeting of GPA Midstream because its outside general counsel is independently participating in the lawsuit as an expert witness, and this behavior is a transparent abuse of the subpoena power under Fed. R. Civ. P. 45(b)(1) and 45(d)(3) – and certainly insufficient service of process in regards to the member companies themselves under Fed. R. Civ. P. 4(h) and 45(b)(1).

WHEREFORE, for the reasons stated herein, GPA Midstream respectfully requests that this Court enter an Order quashing each and every one on the thirty-two (32) Notices of Subpoena for Documents to Members of the Board of Directors of GPA Midstream, along with any other relief that the Court deems reasonable and just under the facts and circumstances of these proceedings.

Respectfully submitted,


/s/ James P. McCann
James P. McCann, OK Bar Number: 5865
jmccann@mmmsk.com
Clayton J. Chamberlain, OK Bar Number: 30520
cchamberlain@mmmsk.com
MCDONALD, MCCANN, METCALF & CARWILE, LLP
15 East 5th Street, Suite 1400
Tulsa, OK  74103
Telephone: 918-430-3700
Facsimile: 918-430-3770

*Attorneys for Movant Non-Party, GPA Midstream Association*

## CERTIFICATE OF SERVICE

I certify that on the 7th day of November, 2016, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael Burrage – mburrage@whittenburragelaw.com
Bradley E. Beckworth – bbeckworth@nixlaw.com
Susan Whatley – susanwhatley@nixlaw.com
Lawrence R. Murphy, Jr. – lmurphy@richardsconnor.com

Mark Banner – mbanner@hallestill.com
Michael L. Beatty – mbeatty@bwenergylaw.com


/s/ *James P. McCann*
James P. McCann

10