IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BIGIE LEE RHEA,                )
                               )
            Plaintiff,         )
                               )
v.                             )    Case No. CIV-14-433-JH
                               )
APACHE CORPORATION,            )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Enable to Show Cause (Docket Entry #152). This Motion was referred to the undersigned for the entry of a Report and Recommendation by United States District Judge Joe Heaton by Order entered April 17, 2018. At Plaintiff's request, a hearing on these Motions was conducted on May 2, 2018 with counsel present.

This action was commenced in the District Court in and for Cherokee County, Oklahoma on September 3, 2014 after which it was removed to this Court on September 30, 2014. This putative class action alleges, *inter alia*, that Defendant Apache Corporation ("Apache") failed to compensate royalty owners for natural gas liquids ("NGLs") which were provided to the gas processor. Specifically, TransOK, the gas processor which originally contracted with Apache, was allegedly allowed to keep the value of the NGLs without adequately compensating the royalty owners for their value. TransOK was subsequently acquired by Enogex Gathering and Processing which then became the Enable Gas Gathering, LLC,

Enable Mistream Partners, LP, and Enable Gathering & Processing, LLC (collectively "Enable"). It is against this background that discovery requests were served upon Enable, a non-party to this action, and this Court ruled upon various challenges which Enable brought to those requests from Plaintiff.

On July 5, 2016, this Court entered an Order after a hearing on Plaintiff's Motion to Compel and Plaintiff's Second Motion to Compel, both directed at Apache, and Enable's Objections to Plaintiff's Subpoenas, Motion to Quash, Modify Subpoenas, and for Protective Orders. *See* Docket Entry No. 96. Plaintiff's Motion to Compel was held in abeyance subject to reurging by Plaintiff due to an agreement of the parties that a "quick peek" of the affected document requests had been reached. With regard to the Second Motion to Compel, Defendant was directed to produce a litany of documents which are not the subject of the current Motion to Show Cause.

Enable generally challenged production in accordance with a properly issued subpoena by Plaintiff on December 2, 2015 and a second subpoena issued January 29, 2016. Enable produced nothing in response to the first subpoena and the second drew the objection from Enable. The July 5, 2016 Order concentrated upon this second subpoena. Enable was required to identify and produce the names and titles of each of the employees involved in the production from the Apache Wells. This Court rejected Enable's assertions of

unduly burdensome and expensive production and that the same documents were available from Defendant. Moreover, Enable claimed that the production would place it at a competitive disadvantage because trade secrets would be revealed to Defendant. This Court determined that Defendant was not shown to be a competitor to Enable and that the protective order in place would preclude any disclosure which would place Enable's processes at risk of revelation.

In considering proportionality as required by Fed. R. Civ. P. 26(b)(1), this Court recognized the difficulty of production due to the record keeping and other limitations upon Enable. As a result, the "Relevant Time Period" referenced in the discovery requests was limited to the years 2005 to present. This limitation was subject to modification upon request.

Enable was required to respond to Plaintiff's discovery requests set forth in the second subpoena, as narrowed by the Court, by August 5, 2016. Enable challenged this Court's Order to United States District Judge Frank H. Seay, who then presided over this case. On September 2, 2016, Judge Seay ordered that Enable

1) produce the names of Enable employees involved in the negotiations and supervision of the 1998 and 2011 contracts by September 9, 2016;

2) search the computers for certain information designated by Plaintiff on the computers of Enable employees involved in the negotiations and supervision of the 1998 and 2011 contracts by September 23, 2016;

    3)    produce the documents which Enable argued were highly confidential commercial information subject to the protective order in place by September 16, 2016 (referenced as "September 16, 2015" in the Order); and

    4)    produce the documents which Enable agreed to produce as referenced in the Minute Order entered June 20, 2016 (Docket Entry No. 89) stemming from the hearing and announcement of counsel by September 23, 2016.

(Docket Entry No. 124).

The Order also corrected several scriverner's errors contained in this Court's July 5, 2016 pertaining to the numbering of various discovery requests. The substantive rulings were not affected.

In the subject Motion, Plaintiff asserts that Enable only produced a single document in response to Judge Seay's Order - a list of four Enable employees allegedly involved in the negotiation and supervision of the 1998 and 2011 contracts. Plaintiff contends that Enable's production is "disingenuous" as testimony from various witnesses has confirmed that Apache agreed to pay Enable an "obscene" processing fee which was passed on to royalty owners so that Enable could represent to its shareholders that its projected earnings were on target. Plaintiff summarizes the deficiency as follows:

> Specifically, Plaintiff still has not received any communications related to the negotiation of the 1998 Contract (Request No. 5); any internal communications related to the performance of the 1998 Contract (Request No. 5); any internal or external communications related to the negotiation and/or performance of the 2011 Contract (Request No. 5); any documents or communications concerning Nagasco (Request No. 7); any documents or

4

>  communications regarding the sale of Nagasco or TransOk (Request Nos. 8,9); or any documents or communications regarding the economic justification for, and benefits from, TransOk replacing the 1998 Contract (Request No. 15(a)-(b).

(Docket Entry No. 152, p. 6).

Further, Plaintiff's counsel references a communication from Enable's counsel dated October 6, 2016 which represents the following:

> On September 9, 2016, Enable complied with the Court's Order of September 2, 2016, by providing a list of four employees involved in the negotiations and supervision of the 1998 contract and 2011 contract. The search of the email accounts of those four employees' email accounts generated no hits.
>
> Enable does not possess the expensive software required to conduct Boolean searches on electronically stored documents (other than emails) stored on Non-Parties' central servers or the personal computers of the four employees involved in negotiations and supervision. Therefore, Enable has no further documents to produce pursuant to the Court's Order of September 2, 2016.

(Docket Entry No. 152, Exh. 1).

Enable essentially admits, both in its filings and through its counsel at the hearing, that it has failed to comply with the Court's Orders for production, contending that to do so would require the disclosure of confidential commercial and competitive information and that it would be required to purchase $85,000.00 worth of software to perform the searches required for compliance with the discovery directives. Indeed, to a certain extent, Enable invites this Court to find it in contempt so that the discovery orders may be appealed.

In the referral Order, Judge Heaton directed that this Court answer three questions. Each will be addressed in turn.

**a) Whether, or to what extent, non-party Enable has complied with the subpoenas and related orders of the court –**

While Enable introduced exhibits at the hearing to ostensibly show that it has produced significant documents in response to Plaintiff's discovery requests, it is apparent that Enable has not fully complied with the discovery orders issued by this Court. The extent of the non-compliance is, not surprisingly, in dispute between the parties. Plaintiff urges that it is beyond credible that only four Enable employees were involved in the negotiation and supervision of the 1998 and 2011 contracts. Enable insists that it has performed the required search and stands by the result. This Court has no basis to conclude that Enable is less than truthful in its response to this request.

Enable also contends it used the "quick peek" procedure to search its computers in an effort to comply with the requirement to conduct such a search for certain information of contained in Request for Production Nos. 5 and 15. Enable states that a letter from Plaintiff's counsel allowed such a restriction. Plaintiff contends that the "quick peek" procedure was offered as a part of the negotiation on the production of discovery but was not a part of this Court's Orders. The "quick peek" procedure pertaining to the second subpoena served by Plaintiff was not a part of the restrictions on Enable's production. The July 5, 2016 Order

reflects that the "quick peek" procedure was only to be used in accordance with the agreement of the parties with regard to the requests which formed the subject of Plaintiff's first motion to compel. Only a temporal restriction was imposed on the production pursuant to the second motion to compel. Enable did not comply with the Orders of the Court in this production.

Enable then argues a search was not conducted due to the cost of compliance. This reargues issues already considered in the issuance of this Court's July 5, 2016 Order and Judge Seay's September 2, 2016 Order. Enable again failed to conduct the computer search as required by this Court.

Enable also asserts that it did not produce internal financial information requested by Plaintiff because it would divulge their profit margin and financial strategies to Plaintiff and Enable's customer, Apache. Enable cites to the case of Tara Petroleum Corp. v. Hughey, 630 P.2d 1269 (Okla. 1981) for the proposition that "when a producer enters into an arm's-length, good faith gas purchase contract with the best price and term available to the producer at the time", the producer's obligation to the royalty owner is discharged. The problem with Enable's position lies with the fact that discovery is required before Plaintiff may know whether Enable has reached such a contract and, under the circumstances of this case, whether it was a collusive agreement. Nothing in Tara prevents the disclosure of this information.

Enable has willfully determined that the production which was ordered involved "commercially sensitive financial and strategic information" and would not be produced, even under the "attorney eyes only" protective order. As a result, it is evident that Enable has not complied with the subpoenas and related discovery production orders of this Court.

**b) If there has been non-compliance, whether a justifiable basis for that non-compliance exists –**

Enable has offered an explanation for its non-compliance with the subpoenas and discovery orders including financial burden and that compliance would require the disclosure of business sensitive information. These explanations, however, were also asserted in the original briefing on Plaintiff's Motions to Compel and Enable's objections to the subpoenas. In Enable's view, non-compliance was justifiable. In the Court's view, these arguments were weighed by the undersigned in the original order directing production as well as by Judge Seay on review and they were rejected.

**c) As to any matters of non-compliance, suggested options for sanctions consistent with the nature and degree of non-compliance –**

Any sanction for non-compliance by a non-party to the litigation necessarily requires a finding of civil contempt rather than the litany of remedies provided by Fed. R. Civ. P. 37(b)(2) which affect a parties' position in the litigation. Typically, a civil monetary fine attendant to a finding of contempt is permitted if compensatory "based upon evidence of complainant's actual loss."

Law v. Nat'l Collegiate Athletic Ass'n, 134 F.3d 1438, 1443 (10th Cir. 1998) citing United States v. United Mine Workers of America v. Bagwell, 330 U.S. 258, 304 (1947). Coercive civil fines are permitted "as long as the offending party can avoid them by complying with the court's order." Id. citing Hicks v. Feiock, 485 U.S. 624, 632 (1988).

Plaintiff's actual loss for which it could be compensated is ethereal since it relates to discovery which was not produced and, therefore, it is difficult to arrive at a basis for such a compensatory fine. Rather, Enable's violation of this Court's Orders represents a challenge to the integrity of the discovery code and this Court's authority. A coercive fine would be justified by the circumstances presented in this case. This Court would recommend that Enable be assessed a fine of $1,000.00 per day beginning immediately to end upon a showing of compliance with Plaintiff's subpoena and the Court's Orders.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court.

IT IS SO RECOMMENDED this 6th day of November, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE