THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIGIE LEE RHEA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) NO. CIV-14-0433-JH |
| APACHE CORPORATION, | ) ) |
| Defendant. | ) |

**PLAINTIFF'S MODIFIED CLASS DEFINITION**

Plaintiff, Bigie Lee Rhea ("Plaintiff"), respectfully submits this Modified Class Definition pursuant to this Court's Order Granting Plaintiff's Motion for Class Certification. Dkt. No. 294.

Plaintiff's modified class definition is as follows:

All non-excluded persons or entities with royalty interests in wells upstream of a processing plant with a Btu content of 1050 or higher and where Apache Corporation marketed gas from the well pursuant to the terms of the January 1, 1998 contracts between Transok, Inc. and Apache Corporation and/or the July 1, 2011 contract between Enogex Gathering & Processing LLC and Apache Corporation on or after January 1, 2000.

This Modified Class Definition adds the phrase "upstream of a processing plant" to accomplish the Court's instruction to include only those wells from which gas was actually processed. *See* Dkt. 294 at 10 ("[T]he court concludes the class description should be modified to include only those wells whose gas was actually processed."). The modification to include the phrase "upstream of a processing plant" is also consistent with the Court's analysis. *Id.* ("Some of the wells were upstream of a processing plant, and their production was processed to remove the NGLs. Others were located downstream of the

processing plant, with the result that the gas was either not processed or was somehow rerouted in some other way.").

The Modified Class Definition makes good sense. The criterion of being "upstream of a processing plant" is an objective way to identify those wells whose gas was processed. Well and plant locations are static, inherently objective, and can easily be determined using records in Apache's and Enable's possession. In fact, records and maps showing well and plant locations are commonly used in oil and gas litigation and frequently exchanged in discovery. The added language also eliminates any concern that it would be difficult to determine whether certain gas was actually processed since gas loses its molecular identity if it is comingled with other wells' gas in the gathering system. Finally, the Modified Class Definition eliminates any concern about "ethane rejection," the process whereby gas is processed to remove all NGLs except ethane. Rather, the issue of ethane rejection would be reduced to a simple damages calculation issue.

For these reasons, Plaintiff respectfully submits that the Modified Class Definition above is an objective definition that achieves the Court's instructions.

DATED: March 1, 2019.

        Respectfully submitted,

        /s/ *Trey Duck*
        Bradley E. Beckworth, OBA No. 19982
        Jeffrey J. Angelovich, OBA No. 19981
        Andrew G. Pate, TX Bar No. 24079111
        Trey Duck, OBA No. 33347
        Cody Hill, TX Bar No. 24095836
        Brooke Churchman, OBA No. 31964
        **NIX PATTERSON, LLP**
        3600 N. Capital of Texas Hwy.
        Bldg. B, Suite 350
        Austin, TX 78746

Telephone: (512) 328-5333
Facsimile: (512) 328-5335
bbeckworth@nixlaw.com
jangelovich@nixlaw.com
dpate@nixlaw.com
tduck@nixlaw.com
codyhill@nixlaw.com
bchurchman@nixlaw.com

Michael Burrage
**WHITTEN BURRAGE**
512 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

Lawrence R. Murphy, Jr.
**LAWRENCE R. MURPHY, JR., P.C.**
624 South Boston, Floor 8
Tulsa, OK 74119
larrymurphypc@icloud.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, a true and correct copy of the above and foregoing document was served in accordance with the Local Rules on all counsel of record through the Court's CM/ECF filing system.

/s/ *Trey Duck*
Trey Duck