## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

BIGIE LEE RHEA,                        )
                                       )
          Plaintiff,             )
                                       )
vs.                                    )          CASE NO. CIV-14-433-JH
                                       )
APACHE CORPORATION,                    )
                                       )
          Defendant.             )

## ORDER

On February 15, 2019, the court granted plaintiff's motion for class certification subject to modification of the class definition.  Plaintiff has now filed a modified class definition to which defendant has objected.  Defendant has also filed a motion for reconsideration of the court's order granting certification.  Both matters are fully briefed and ready for resolution.

### a.  The class definition issue

The court's prior order stated that plaintiff's proposed definition was overbroad because it would include some wells where "there was no opportunity for processing sufficient to be a basis for the lost royalty nature of plaintiff's claim."  Doc. # 294, p. 11. The court concluded that the class definition should be limited to "only those wells whose gas was actually processed."  *Id.*

Plaintiff has filed the following modified class definition:

All non-excluded persons or entities with royalty interests in wells upstream of a processing plant with a Btu content of 1050 or higher and where Apache Corporation marketed gas from the well pursuant to the terms of the January 1, 1998 contracts between Transok, Inc. and Apache Corporation and/or the

July 1, 2011 contract between Enogex Gathering & Processing LLC and Apache Corporation on or after January 1, 2000.

Plaintiff contends that the phrase "in wells upstream of a processing plant" addresses the court's concern about the overbroad definition.

Defendant has objected to the modified definition, arguing that plaintiff has not addressed the court's order to restrict the definition to "only those wells whose gas was actually processed."   It contends that the proposed definition still leads to an unascertainable, overbroad class because the manner in which natural gas collection and processing systems operate precludes a definitive finding that, based on any given well's location relative to the processing plant, the well's gas was actually processed.  According to defendant, issues such as plant capacity, blending, and bypass of gas must be considered when evaluating whether any given well's gas was processed.

The court acknowledges the tension between the phrases "no opportunity for processing" and "wells whose gas was actually processed" used in the prior order, as they do not necessarily describe the same thing.  However, based on the present submissions, the court concludes that the potential circumstance of an upstream well, otherwise within the class, not having its gas processed is sufficiently remote and speculative that it should not bar the certification of the proposed class.  The nature of gas collection systems makes it difficult to impossible to distinguish one well's gas from another once both wells are connected to a central connection line.  However, as to wells of the type involved here which are above the processing plant, it appears entirely likely that their gas would be processed.

If, after further discovery, there is evidence suggesting that a significant portion of gas produced from wells upstream of processing plants was not processed, then a motion to decertify or redefine the class may be appropriate. On the present submissions, however, the court concludes that possibility is sufficiently speculative that it does not render the proposed class definition problematic. It appears from defendant's current pay practices that the concern is more theoretical than real. Plaintiff's modified class definition adequately addresses the court's concerns raised in the prior order — that the class be restricted to wells whose gas was processed for the extraction of NGLs.

Accordingly, the court adopts the following definition for the proposed class:

All non-excluded persons or entities with royalty interests in wells upstream of a processing plant with a Btu content of 1050 or higher and where Apache Corporation marketed gas from the well pursuant to the terms of the January 1, 1998 contracts between Transok, Inc. and Apache Corporation and/or the July 1, 2011 contract between Enogex Gathering & Processing LLC and Apache Corporation on or after January 1, 2000.

Fuel Gas Subclass: All non-excluded persons or entities included in the class who are also entitled to share in royalty proceeds payable under any lease that contains an express provision stating that royalty will be paid on gas used off lease premises (a Fuel Gas Clause) as set forth in Column G of Exhibit 1.

The persons excluded from the Class and Fuel Gas Subclass are: (1) agencies, departments, or instruments of the United States of America and the State of Oklahoma; (2) publicly traded oil and gas exploration companies and their affiliated; (3) persons or entities that Plaintiff's counsel is, or may be, prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the Court involved in this action.

### b. The motion to reconsider

Defendant has also filed a motion to reconsider the prior class certification order.

Defendant argues, again, that Mittelstaedt v. Santa Fe Minerals, Inc., 954 P.2d 1203 (Okla.

3

1998), precludes the certification of the class in this action because "post-production costs must be examined on an individual basis."   In defendant's words: "The Court's determination that <u>Mittelstaedt</u> applies is fatal to class certification."  Doc. # 295, p. 6.  The court concludes otherwise.   The prior order addressed <u>Mittelstaedt</u> and the potential certification of such royalty class actions in Oklahoma.  This and other arguments of defendant are essentially restatements of the same matters previously considered by the court, and the court is unpersuaded that its initial determination was in error.

Conclusion

For the reasons stated, the class definition set out above is adopted.  Defendant's Motion for Reconsideration [Doc. # 295] is **DENIED.**

The parties are directed to confer and submit, within 14 days, a proposed scheduling order for further proceedings in this case.

**IT IS SO ORDERED**.

Dated this 3rd day of May, 2019.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE