**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BIGIE LEE RHEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 6:14-cv-00433-JH |
| | ) | |
| APACHE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S
<u>MOTION FOR APPROVAL OF ATTORNEYS' FEES</u>**

# TABLE OF CONTENTS

**PAGE**

I. SUMMARY OF ARGUMENT ...................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................3

III. ARGUMENT .....................................................................................................3

    A. The Parties Have Agreed Federal Common Law Controls the Right to, And
Reasonableness of, Attorneys' Fees ..............................................................6

    B. Class Counsel's Fee Request Is Reasonable .................................................8

IV. CONCLUSION..................................................................................................20

# TABLE OF AUTHORITIES

**CASE**                                                                                                              **PAGE(S)**

*Barnes Group, Inc. v. C & C Prods., Inc.*,
716 F.2d 1023 (4th Cir. 1983) ...................................................................................................7

*Boeing Co. v. Van Gemert,*
444 U.S. 472 (1980)................................................................................................................10

*Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*,
174 F.3d 1115 (10th Cir. 1999) ...............................................................................................7

*Brown v. Phillips Petroleum Co.*,
838 F.2d 451 (10th Cir. 1988) .................................................................................................3

*Cecil v. BP America Production*,
No. 16-CV-410-KEW (E.D. Okla. Nov. 19, 2018) .................................................................5

*Chieftain Royalty Co. v. BP Am. Prod. Co.*,
No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022)...................................................2, 4, 9, 16

*Chieftain Royalty Co. v. EnerVest Energy Institutional Fund XIII-A, L.P.*,
888 F.3d 455 (10th Cir. 2017) .................................................................................................3

*Chieftain Royalty Co. v. Laredo Petro., Inc.*,
No. CIV-12-1319-D (W.D. Okla. May 13, 2015) ....................................................................6

*Chieftain Royalty Co. v. Marathon Oil Co.*,
No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019)..............................................................*Passim*

*Chieftain Royalty Co. v. QEP Energy Company*,
No. CIV-11-212-R (W.D. Okla. May 31, 2013)..................................................................6, 17

*Chieftain Royalty Co. v. SM Energy Co.*,
No. CIV-18-1225-J (W.D. Okla. Apr. 27, 2021)................................................................*Passim*

*Chieftain Royalty Co. v. XTO Energy Inc.*,
No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) ............................................................*Passim*

*CompSource Oklahoma v. BNY Mellon, N.A.*,
No. CIV-08-469-KEW, 2012 U.S. Dist. LEXIS 185061
(E.D. Okla. Oct. 25, 2012) .........................................................................................5, 17, 18

*Donald D. Miller Revocable Family Trust v. DCP Operating Co., LP, et al.*,
No. CIV-18-0199-JH (E.D. Okla. June 29, 2021) ..............................................................2, 4, 5, 9

*Fager v. Centurylink Comm'cns,*
  No. 14-cv-00870, 2015 U.S. Dist. LEXIS 190795 (D.N.M. June 25, 2015) *aff'd*
  854 F.3d 1167 (10th Cir. 2016) ...............................................................................10

*Fitzgerald Farms, LLC v. Chesapeake Operating, L.L.C.,*
  No. CJ-2010-38, 2015 WL 5794008
  (Okla. Dist. Ct. Beaver Cty. July 2, 2015) ...........................................................11, 16, 19

*Foster v. Apache,*
  285 F.R.D. 632 (W.D. Okla. 2012) ....................................................................18, 19

*Foster v. Merit Energy Co.,*
  282 F.R.D. 541 (W.D. Okla. 2012) ..........................................................................18

*Gottlieb v. Barry,*
  43 F.3d 474 (10th Cir. 1994) ...........................................................................2, 4, 8

*Hay Creek Royalties, LLC v. Roan Resources LLC,*
  Case No. 19-cv-177-CVE-JFJ (N.D. Okla. April 28, 2021) .......................................4, 16

*Hess v. Volkswagen of Am., Inc.,*
  2014 OK 111, 341 P.3d 662 .................................................................................10

*Hess v. Volkswagen of Am., Inc.,*
  2017 OK CIV APP 35, 398 P.3d 27 .........................................................................10

*In re King Res. Co. Sec. Litig.,*
  420 F. Supp. 610 (D. Colo. 1976) ..........................................................................14

*Johnson v. Georgia Highway Express, Inc.,*
  488 F.2d 714 (5th Cir. 1974) .......................................................................*Passim*

*McClintock v. Continuum Producer Services, L.L.C.,*
  No. 17-cv-00259-JAG (E.D. Okla. June 4, 2020) .....................................................2, 5, 9

*McClintock v. Enterprise Crude Oil, LLC,*
  No. CIV-16-136-KEW (E.D. Okla. March 26, 2021) .................................................2, 5, 9

*Morrison v. Anadarko Petroleum Co.,*
  280 F.R.D. 621 (W.D. Okla. 2012) ..........................................................................18

*Naylor Farms, Inc. v. Anadarko OGC Co.,*
  No. CIV-08-668-R (W.D. Okla. Oct. 5, 2012) .............................................................6

*Northumberland County Ret. Sys. v. GMX Res. Inc.*,
No. CIV-11-520-D (W.D. Okla. July 31, 2014) ....................................................................6

*Reirdon v. Cimarex Energy Co.*,
No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018)...........................................................*Passim*

*Reirdon v. XTO Energy Inc.*,
No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018)........................................................*Passim*

*Sprague v. Ticonic Nat'l Bank*,
307 U.S. 161 (1939)...............................................................................................................2

*Strack v. Continental Res., Inc.*,
2021 OK 21, 2021 Okla. LEXIS 22.......................................................................................3

*Tucker v. BP Am. Prod. Co.*,
278 F.R.D. 646 (W.D. Okla. 2011)......................................................................................18

*Union Asset Mgmt. Holding A. G. v. Dell, Inc.*,
669 F.3d 632 (5th Cir. 2012) ................................................................................................5

*Uselton v. Commercial Lovelace Motor Freight*,
9 F.3d 849 (10th Cir. 1993) ..................................................................................................2

*White Family Minerals, LLC v. EOG Resources, Inc.*,
Case No. 19-cv-409-RAW (E.D. Okla. November 12, 2021) ...........................................2, 5

*Williams v. Shearson Lehman Bros.*,
1995 OK CIV APP 154, 917 P.2d 998 ..................................................................................7

*Yavuz v. 61 MM, Ltd.*,
465 F.3d 418 (10th Cir. 2006) ..............................................................................................7

**STATUTES**

28 U.S.C. §1711(a)-(b) ..............................................................................................................7

12 O.S. § 2023(G).......................................................................................................................3

12 O.S. § 2023(G)(4)(e)(13) ......................................................................................................8

**RULES**

FED. R. CIV. P. 23 (h) ..................................................................................................................9

**OTHER AUTHORITIES**

7B Wright, Miller, Kane & Marcus, *Federal Practice and Procedure* § 1803 (3d ed.) .................2

*Attorneys' Fees in Class Action Settlements: An Empirical Study*,
　　1 J. EMPERICAL LEGAL STUD. 27 (2004)............................................................................4

MANUAL FOR COMPLEX LITIGATION § 14.121 (4th ed. 2004) ........................................5

*Restatement (Second) of Conflict of Laws § 187*,
(Am. Law Inst. 1988)...............................................................................................2, 7

## I. SUMMARY OF ARGUMENT

In connection with approval of the Settlement[1] in the above-captioned Litigation, Class Counsel respectfully move the Court for an award of attorneys' fees of $10,000,000.00. The requested award will be paid from the $25,000,000.00 Gross Settlement Fund and represents 40% of the Gross Settlement (the "Fee Request"). This request is fair and reasonable and therefore, should be approved.

Class Counsel have obtained an excellent recovery for the benefit of the Class, which consists of a cash payment of $25,000,000.00 to compensate the Settlement Class for past damages.[2] This is an outstanding recovery as it represents "72% of the Settlement Class' alleged royalty principal underpayment for damages during the Claim Period."[3] Rule 23(h) of the Federal Rules of Civil Procedure requires the Court to assess the reasonableness of any fees "that are authorized by law or by the parties' agreement." Here, the Parties expressly agreed that all fees would be paid from a common fund as allowed under federal common law. *See* Settlement Agreement at ¶¶7.1, 11.8. Thus, federal common law governs the reasonableness of this agreement and the requested fee.

Class Counsel's Fee Request is reasonable under federal common law. First, the Parties agreed that the Settlement Agreement shall be governed *solely* by federal law regarding the right to and reasonableness of attorney's fees and expenses. *See* Settlement Agreement, ¶11.8. The

---

[1] All capitalized terms not otherwise defined herein shall have the meaning given to them in the February 4, 2022, Stipulation and Agreement of Settlement ("Settlement Agreement"), a copy of which is attached as Exhibit 1 to Plaintiffs' Memorandum of Law in Support of Class Representative's Motion to Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice, and Set Date for Final Approval Hearing (Dkt. No. 484).

[2] *See* Affidavit of Barbara A. Ley, CPA, CITP, CFF ("Ley Affidavit"), attached to Final Approval Memorandum as Exhibit 2.

[3] Ley Affidavit at ¶3.

Parties' contractual choice of law—the well-developed and consistent body of federal common law that applies to common fund class action settlements where no fee shifting occurs—should be given effect as written. Federal courts in Oklahoma, including this Court, have upheld identical or similar choice of law provisions. *See, e.g.*, *Chieftain Royalty Co. v. BP Am. Prod. Co.*, No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Dkt. No. 180); *White Family Minerals, LLC v. EOG Resources, Inc.*, Case No. 19-cv-409-RAW (E.D. Okla. November 12, 2021) (Dkt. No. 59 at 4-5); *Donald D. Miller Revocable Family Trust v. DCP Operating Co., LP, et al.*, No. CIV-18-0199-JH (E.D. Okla. June 29, 2021) (Dkt. No. 98 at 3); *Chieftain Royalty Co. v. SM Energy Co.*, No. CIV-18-1225-J (W.D. Okla. Apr. 27, 2021) (Dkt. No. 115 at 5-6); *McClintock v. Enterprise Crude Oil, LLC*, No. CIV-16-136-KEW (E.D. Okla. March 26, 2021) (Dkt. No. 120 at 4-5); *McClintock v. Continuum Producer Services, L.L.C.*, No. 17-cv-00259-JAG (E.D. Okla. June 4, 2020) (Dkt. No. 61 at 4-5); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 120 at 4-5); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 105 at 4-5); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 231 at 5); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 124 at 4-5); *see also Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 165 (1939); *Restatement 2d of Conflict of Laws*, § 187; 7B Wright, Miller, Kane & Marcus, *Federal Practice and Procedure* § 1803 (3d ed.) ("The court's authority for ... attorney fees stems from the fact that the class-action device is a creature of equity and the allowance of attorney-related costs is considered part of the historic equity power of the federal courts."). Under federal equitable law, the Tenth Circuit expressly prefers the percentage of the fund method in determining the award of attorneys' fees in common-fund cases. *See Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994); *Uselton v. Commercial Lovelace Motor Freight*, 9 F.3d

849, 853 (10th Cir. 1993); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 455-56 (10th Cir. 1988).[4]

The Fee Request represents 40% of the Gross Settlement Fund. In light of the exceptional work performed by Class Counsel and the circumstances of this case, the Fee Request is fair, reasonable, and comports with fee awards granted in similar cases and is fully appropriate under Tenth Circuit precedent.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In the interest of brevity, Class Counsel will not repeat the background of this Litigation. Instead, Class Counsel respectfully refer the Court to the Final Approval Memorandum, the pleadings on file, and any other matters of which the Court may take judicial notice, all of which are incorporated fully herein.

## III.    ARGUMENT

The Fee Request is fair and reasonable and should be approved.[5] Pursuant to Rule 23(h), Federal Rules of Civil Procedure, "the court may award reasonable attorney's fees and nontaxable

---

[4]    In this regard, the Tenth Circuit's decision in *Chieftain Royalty Co. v. EnerVest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455 (10th Cir. 2017) is inapplicable, because the parties here contractually agreed to a choice of law provision. The *EnerVest* decision dealt with the application of *state law* choice of law principles, while the parties here, unlike in *EnerVest*, contractually agreed that *federal common law* controls the right to, and reasonableness of, attorneys' fees. *See* Settlement Agreement at ¶¶7.1, 11.8. Furthermore, the *EnerVest* decision is now at odds with, and contradicted by, the Oklahoma Supreme Court's recent decision in *Strack v. Continental Res., Inc.*, 2021 OK 21, 2021 Okla. LEXIS 22, which held Oklahoma's class action attorney fee statute (12 O.S. § 2023(G)) allows for the percentage-of-common-fund method in calculating attorney fees. *See id.* ¶17. The Tenth Circuit's long line of federal common law fee jurisprudence in common fund class actions governs the present fee request, but even if the Court were to disregard the Parties' choice of law provision, the requested fee is still reasonable under Oklahoma law.

[5]    *See generally* Declarations of Trey Duck, Michael Burrage, Larry Murphy, Bigie Lee Rhea, and absent class members Chieftain Royalty Co., Pagosa Resources, LLC and Sagacity, Inc., which are attached as exhibits to Class Counsel's Motion for Approval of Attorneys' Fees and Memorandum in Support of Final Approval. Moreover, Professor Geoffrey Miller has

3

costs that are authorized by law or by the parties' agreement." An award of attorneys' fees is a matter uniquely within the discretion of the trial judge, who has firsthand knowledge of the efforts of counsel and the services provided. *Brown*, 838 F.2d at 453. Such an award will only be reversed for abuse of discretion. *Id.*; *Gottlieb*, 43 F.3d at 486. Here, the requested fees are authorized by an express agreement of the parties. Pursuant to the Settlement Agreement, federal common law governs both the right to, and reasonableness of, attorneys' fees. *See* Settlement Agreement at ¶¶7.1, 11.8.

The Tenth Circuit has expressed a clear preference for the percentage of the fund method, the reasonableness of which is determined through application of the *Johnson* factors (discussed below). *Gottlieb*, 43 F.3d at 483; Miller Decl. ¶32. This methodology calculates the fee as a reasonable percentage of the value obtained for the benefit of the class. *Brown*, 838 F.2d at 454.

Oklahoma federal courts, including this Court, have previously acknowledged the Tenth Circuit's preference for the percentage method and rejected application of a lodestar analysis or lodestar cross check. *See, e.g.*, *Chieftain Royalty Co. v. BP Am. Prod. Co.*, No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Dkt. No. 180 at 6-7); *Hay Creek Royalties, LLC v. Roan Resources,*

---

provided a declaration in support the Settlement and the fee request ("Miller Decl."). Professor Miller has submitted declarations in support of fee requests similar to or greater than the present request in prior class action settlements. *See, e.g., Miller v. DCP Operating Co., L.P.*, No. CIV-18-0199-JH (E.D. Okla.) (Dkt. No. 81); *Chieftain Royalty Co. v. SM Energy Co.*, No. 18-cv-1225-J (W.D. Okla.) (Dkt. No. 103); *Chieftain Royalty Co. v. Marathon Oil Co.,* No. CIV-17-334-SPS (E.D. Okla.) (Dkt. No. 82); *Chieftain Royalty Co. v. XTO Energy, Inc.*, No. 11-cv-29-KEW (E.D. Okla.) (Dkt. No. 206); *Reirdon v. XTO Energy, Inc.*, No. 16-cv-87-KEW (E.D. Okla.) (Dkt. No. 93); *Reirdon v. Cimarex Energy Co.*, No. 6:16-cv-113-KEW (E.D. Okla.) (Dkt. No. 64). Professor Miller is the Stuyvesant P. Comfort Professor of Law at New York University. For more than twenty years, he has been involved in class action litigation as a teacher, scholar, attorney, consultant, and expert witness. Miller Decl. at ¶¶1-2. He is co-author of the leading empirical analysis of attorneys' fees and expenses in class action cases, *Attorneys' Fees in Class Action Settlements: An Empirical Study*, 1 J. EMPIRICAL LEGAL STUD. 27 (2004), which has been extensively cited in federal court decisions on class action attorneys' fees. *See id*. ¶4.

*LLC,* No. 19-CV-177-CVE-JFJ (N.D. Okla. April 28, 2021) (Dkt. No. 74 at 3-4) (rejecting lodestar analysis and following the Tenth Circuit's preference for the percentage of the fund method); *see also White Family Minerals, LLC v. EOG Resources, Inc.*, Case No. 19-cv-409-RAW (E.D. Okla. November 12, 2021) (Dkt. No. 59 at 5); *Donald D. Miller Revocable Family Trust v. DCP Operating Co., LP, et al.*, No. CIV-18-0199-JH (E.D. Okla. June 29, 2021) (Dkt. No. 98 at 3); *Chieftain Royalty Co. v. SM Energy Co.*, No. CIV-18-1225-J (W.D. Okla. Apr. 27, 2021) (Dkt. No. 115 at 7); *McClintock v. Enterprise Crude Oil, LLC*, No. CIV-16-136-KEW (E.D. Okla. March 26, 2021) (Dkt. No. 120 at 5-6); *McClintock v. Continuum Producer Services, L.L.C.*, No. 17-cv-00259-JAG (E.D. Okla. June 4, 2020) (Dkt. No. 61 at 5-6); *Chieftain Royalty Co. v. Marathon Oil Co.,* No. CIV-17-334-SPS (E.D. Okla. March 8, 2019) (Dkt. No. 120 at 5-6); *Reirdon v. Cimarex Energy Co.*, No. 16-CV-113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 105 at 5-6); *Cecil v. BP America Production*, No. 16-CV-410-KEW (E.D. Okla. Nov. 19, 2018) (Dkt. No. 260 at 6); *Chieftain Royalty Co. v. XTO Energy, Inc.,* No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 231 at 6); *Reirdon v. XTO Energy, Inc.,* No. 6:16-CV-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 124 at 5); *CompSource Oklahoma v. BNY Mellon, N.A.*, No. CIV-08-469-KEW, 2012 U.S. Dist. LEXIS 185061, at *23 (E.D. Okla. Oct. 25, 2012) ("A majority of circuits recognize that trial courts have the discretion to award fees based solely on a percentage of the fund approach and are not required to conduct a lodestar analysis in common fund class actions.") (citing *Union Asset Mgmt. Holding A. G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012));[6]

---

[6] The MANUAL FOR COMPLEX LITIGATION § 14.121 (4th ed. 2004) also approves of the percentage of the fund method for determining attorneys' fees. Professor Miller has repeatedly noted the Tenth Circuit's preference for the percentage of the fund method. *See* Miller Decl. ¶32; *see also Chieftain Royalty Co. v. SM Energy Co.*, No. 18-cv-1225-J (W.D. Okla.) (Dkt. No. 103 at ¶¶46-47); *Reirdon v. Cimarex Energy Co.*, No. 16-CV-113-KEW (E.D. Okla.) (Dkt. No. 64 at ¶27).

*Chieftain Royalty Co. v. Laredo Petro., Inc.*, No. CIV-12-1319-D (W.D. Okla. May 13, 2015) ("In the Tenth Circuit, the preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method.") (Dkt. No. 52 at 5) (the "*Laredo* Fee Order"); *Northumberland County Ret. Sys. v. GMX Res. Inc.*, No. CIV-11-520-D (W.D. Okla. July 31, 2014) ("The Court is not required to conduct a lodestar assessment of the hours versus a reasonable hourly rate. Nonetheless, even if such an assessment were made, the Court would reach the same conclusion that the requested fees are reasonable.") (Dkt. No. 150, n.1); *Chieftain Royalty Company v. QEP Energy Company*, No. CIV-11-212-R (W.D. Okla. May 31, 2013) (Dkt. No. 182 at 4 n.3); *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. CIV-08-668-R (W.D. Okla. Oct. 5, 2012) (Dkt. No. 329).

Under the agreed-upon application of federal common law, the Court should approve the fee request here because the *Johnson* factors overwhelming support such approval. *See* Miller Decl. ¶¶64-80.

### A. The Parties Have Agreed Federal Common Law Controls the Right to, And Reasonableness of, Attorneys' Fees

The Parties contractually agreed that the Settlement Agreement shall be governed *solely* by federal common law with respect to certain issues, including the right to and reasonableness of attorneys' fees:

> To promote certainty, predictability, the full enforceability of this Settlement Agreement as written, and its nationwide application, this Settlement Agreement shall be governed ***solely by federal law***, both substantive and procedural, as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, Case Contribution Award, ***the right to and reasonableness of Plaintiff's Attorneys' Fees and Litigation Expenses***, and all other matters for which there is federal procedural or common law, including federal law regarding federal equitable common fund class actions.

Settlement Agreement at ¶11.8 (emphasis added). The Parties intended to remove any doubt regarding which body of law would apply to certification, notice, and overall evaluation of the fairness and reasonableness of the Settlement and associated requests for fees and expenses. Such

an agreement directly aligns with the principles of the Class Action Fairness Act ("CAFA"), which was passed with the intent to provide certainty, uniformity, and confidence in the application of the class device to cases involving interstate commerce. 28 U.S.C. §1711(a)-(b). As noted above, Oklahoma federal courts have previously enforced nearly identical choice of law provisions. Thus, the Settlement Agreement's choice-of-law provision should be enforced.

Further, the Tenth Circuit has recognized parties' freedom to contract regarding choice of law issues and that courts typically honor the parties' choice. *See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1121 (10th Cir. 1999) ("Absent special circumstances, courts usually honor the parties' choice of law because two 'prime objectives' of contract law are 'to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract.'") (citing *Restatement (Second) of Conflict of Laws* § 187, cmt. e (Am. Law Inst. 1988) (the *Restatement*); *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006). The *Restatement* expands on this freedom to contract:

> These objectives may best be attained in multistate transactions by letting the parties choose the law to govern the validity of the contract and the rights created thereby. In this way, certainty and predictability of result are most likely to be secured. Giving parties this power of choice is also consistent with the fact that, in contrast to other areas of the law, persons are free within broad limits to determine the nature of their contractual obligations.

*Restatement (Second) of Conflict of Laws* § 187, cmt. e; *see also Williams v. Shearson Lehman Bros.*, 1995 OK CIV APP 154, ¶17, 917 P.2d 998, 1002 (enforcing parties' contractual choice of law); *Barnes Group, Inc. v. C & C Prods., Inc.*, 716 F.2d 1023, 1029 n.10 (4th Cir. 1983) (Parties "enjoy full autonomy to choose controlling law with regard to matters within their contractual capacity."). The Parties' contractual agreement should be enforced here.[7]

---

[7] Professor Miller has previously opined that the parties' contractual agreement regarding choice of law should be enforced. *See, e.g.*, *Chieftain Royalty Co. v. SM Energy Co.*, No. 18-cv-

**B.      Class Counsel's Fee Request Is Reasonable**

Under Tenth Circuit law, district courts have discretion to apply either the percentage of the fund method or the lodestar method, but the percentage of the fund method is clearly preferred. *Brown*, 838 F.2d at 454; *Gottlieb*, 43 F.3d at 483; *Laredo* Fee Order at 5; Miller Decl. ¶32. When determining attorneys' fees under this method, the Tenth Circuit evaluates the reasonableness of the requested fee by analyzing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Brown*, 838 F.2d at 454-55; Miller Decl. ¶33. Not all factors apply in every case, and some deserve more weight than others depending on the facts and circumstances at issue. *Brown*, 838 F.2d at 456. Whether these factors are applied as a check on the reasonableness of the percentage awarded (federal common law), or in the lodestar context to determine an appropriate multiplier or enhancement factor, the result is the same—the requested fee of $10,000,000.00 is reasonable.

The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions presented by the litigation, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Gottlieb*, 43 F.3d at 482 n.4.[8]

---

1225-J (W.D. Okla.) (Dkt. No. 103 at ¶35); *Reirdon v. Cimarex Energy Co.*, No. 16-CV-113-KEW (E.D. Okla.) (Dkt. No. 64 at ¶27).

[8]      An additional factor under Oklahoma law is the risk of recovery. *See* 12 O.S. §2023(G)(4)(e)(13). Even if the Court applied Oklahoma law, this factor would be easily met.

The *Johnson* factor that should be entitled to the most weight in this common fund case is the eighth factor—the amount involved in the case and the results obtained. *Brown*, 838 F.2d at 456 (holding this factor may be given greater weight when "the recovery [is] highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class."); Fed. R. Civ. P. 23(h), adv. comm. note (explaining for a "percentage" or contingency-based approach to class action fee awards, "results achieved is the basic starting point."); *see also* Miller Decl. ¶73 (noting that "[i]n some respects, this is the most important factor of all.").

Here, the results obtained strongly support the Fee Request. The Gross Settlement Fund of $25,000,000.00 represents a significant recovery for the Class and bestows a substantial economic benefit under the circumstances presented here. As noted by Class Representative's damages expert Barbara Ley, the $25,000,000 represents 72% of the Settlement Class' alleged royalty principal underpayment for damages during the Claim Period. Ley Decl. at ¶3. This is a remarkable recovery given the risks involved in taking a case as complex as this one to trial. *See* Miller Decl. ¶73 ("the Gross Settlement Fund of $25,000,000.00 represents a significant recovery for the Class.").

In valuing the result obtained for purposes of determining a reasonable fee to award under the Tenth Circuit's percentage of recovery method, it is well-established that the fee award should be based on the total economic benefit bestowed on the class. *See, e.g.*, *Chieftain Royalty Co. v. BP Am. Prod. Co.*, No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Dkt. No. 180 at 8-10); *Miller v. DCP Operating Co., L.P.*, No. CIV-18-0199-JH (E.D. Okla. June 29, 2021) (Dkt. No. 98 at 4); *Chieftain Royalty Co. v. SM Energy Co.*, No. CIV-18-1225-J (W.D. Okla. Apr. 27, 2021) (Dkt. No. 115 at 8-9); *McClintock v. Enterprise Crude Oil, LLC*, No. CIV-16-136-KEW (E.D. Okla. March 26, 2021) (Dkt. No. 120 at 8); *McClintock v. Continuum Producer Services, L.L.C.*, No.

17-cv-00259-JAG (E.D. Okla. June 4, 2020) (Dkt. No. 61 at 7); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 120 at 8-9); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 105 at 7-8); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 231 at 8); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 124 at 8); *Fager v. Centurylink Comm'cns*, No. 14-cv-00870, 2015 U.S. Dist. LEXIS 190795, at *7-8 (D.N.M. June 25, 2015) (collecting cases), *aff'd* 854 F.3d 1167 (10th Cir. 2016); *see also Boeing Co. v. Van Gemert,* 444 U.S. 472, 479 (1980) (explaining that, in common fund cases, the fee to be awarded should be based on "the full value of the benefit to each absentee member" obtained through the "entire judgment fund"). Here, the Settlement represents significant, concrete monetary benefits to the Settlement Class. *See* Miller Decl. ¶73. These benefits are *guaranteed* and automatically bestowed upon the Settlement Class as a result of the Settlement. Accordingly, the "results obtained" factor strongly supports a fee award of $10,000,000.00 to be paid from the immediate cash Settlement.[9]

---

[9] The outstanding result obtained is in stark contrast to cases like *Hess v. Volkswagen of Am., Inc.*, 2014 OK 111, 341 P.3d 662, where fees are based upon coupons or claims made settlements with no guaranteed common fund. *Hess* was a fee-shifting case where defendants contractually agreed to incur liability for the class' attorneys' fees, resulting in application of the lodestar method. *See id.* at 666. The concurring opinion even recognized there are other cases where **"the attorney-fee award is based on a percentage of the plaintiffs' recovery**." *Id.* at 672 n.3 (emphasis added). And, *Hess* was an egregious outlier where the entire class got less than $46,000, but the lawyers were asking for over **$14 million**—a result that could never pass muster under the "result obtained" factor. *See id.* at 673. On remand, the trial court, as instructed, subtracted the fees generated in the failed Florida litigation from the lodestar fee and "then reduced the lodestar by 70%" to arrive at an attorney fee in the amount of $983,616.75, together with expenses and post-judgment interest. *Hess v. Volkswagen of Am., Inc.*, 2017 OK CIV APP 35, ¶2, 398 P.3d 27. Volkswagen appealed the trial court's award, arguing that "the new attorney fee award—an award which constitutes a mere 13.6% of the prior attorney fee award—is still too high," as it "equals approximately '21.5 times as much money as . . . recovered for the entire class[.]'" *Id*. The Court of Civil Appeals affirmed the trial court's *downward* reduction of the lodestar by 70% given the low recovery obtained in the case, even though the fee awarded and affirmed still represented 21.5

The other *Johnson* factors also support the Fee Request. First, the time and labor involved supports the fee request. For over seven years, Class Counsel engaged in substantial discovery related to the merits of the claims and class certification. Class Counsel's litigation efforts included taking depositions of Defendant's corporate representatives and employees, legal research, extensive accounting review and analysis, consultation with experts, damage modeling, settlement negotiations, and other investigations and preparations. The class certification process alone took several years and was litigated all the way up to the U.S. Supreme Court. The excellent Settlement before the Court is the result of exhaustive review and analysis by Class Counsel of class certification, liability, and damages, based on the volumes of information, documents, and testimony elicited during discovery. Overall, as evidenced through their submissions, Class Counsel dedicated substantial hours of attorney and professional time to this Litigation and anticipate dedicating additional hours through final approval and distribution.

Second, the difficulty of the questions presented in this action supports the Fee Request. Class actions are known to be complex and vigorously contested. The legal and factual issues litigated in this case involved complex and highly technical issues. The claims involved difficult and highly contested issues of Oklahoma oil and gas law that are currently being litigated in multiple forums. *See* Miller Decl. ¶67. Even so, this particular case presents a novel and nuanced theory of liability (what Class Representative has referred to as the "best price" theory) that has

---

times as much money as recovered for the entire class (fees of $983,616.75 vs. Class Recovery of $45,780); *see also, e.g.*, *Fitzgerald Farms, LLC v. Chesapeake Operating, L.L.C.,* No. CJ-2010-38, 2015 WL 5794008, at *2 (Okla. Dist. Ct. Beaver Cty. July 2, 2015) (finding "recovery of 41% of damages within the statute of limitations period" to be "an outstanding benefit to the Settlement Class when compared against other royalty underpayment class action settlements approved by other Oklahoma district courts"). Given the amount involved in this Litigation and the Settlement achieved for the benefit of the Settlement Class, this highly significant factor strongly supports Class Counsel's Fee Request.

not been tested in the class action context before. The successful prosecution and resolution of the Settlement Class's claims required Class Counsel to work with experts to analyze complex data to support their legal theories and evaluate the amount of alleged damages. The fact that Class Counsel litigated such difficult issues against the vigorous opposition of highly skilled defense counsel and obtained a significant recovery for the Settlement Class further supports the fee request in this case. *See* Miller Decl. ¶67. Moreover, Defendant asserted a number of defenses to the Settlement Class's claims that would have to be overcome if the Litigation continued to trial. Thus, the immediacy and certainty of this recovery, when considered against the very real risks of continuing to a difficult trial and possible appeal, support the Fee Request.

The third and ninth *Johnson* factors—the skill required to perform the legal services and the experience, reputation, and ability of the attorneys—support the Fee Request. This Litigation called for Class Counsel's considerable skill and experience in oil and gas and complex class action litigation to bring it to such a successful conclusion, requiring investigation and mastery of complex facts, the ability to develop creative legal theories, and the skill to respond to a host of legal defenses. The case required investigation and mastery of highly technical issues regarding royalty payments in Oklahoma. *See* Miller Decl. ¶68. Class Counsel have years of experience litigating royalty underpayment class actions and statutory interest class actions in Oklahoma state and federal courts. Class Counsel are also highly experienced in class action, commercial, *qui tam*, mass tort, securities, and other complex litigation and have successfully prosecuted and settled numerous class actions, including oil and gas royalty underpayment class actions. Additionally, Class Counsel have taken on some of the world's largest corporations in contingent fee litigation, including the tobacco industry, the pharmaceutical industry, and the energy industry. Class Counsel consist of some of the most experienced complex litigation attorneys in the country.

Utilizing creativity and zealous advocacy, these attorneys have achieved huge results for their clients.

Nix Patterson ("NP") regularly represents plaintiffs in royalty, working interest owners, and overriding working interest owner class actions, and other complex commercial and consumer class action litigation, and has served as counsel in several cases involving oil and gas issues. NP served as Lead Attorneys in *Johnson, et al. v. Shell, et al.* (E.D. Tex.)—a *qui tam* action that ultimately settled in excess of $400 million—the second largest *qui tam* recovery in history for the United States in an oil and gas royalty case. Additionally, NP served as class counsel in *In Re: Triton Energy Limited Securities Litigation*, which was one of the first cases involving the fraudulent accounting of oil and gas reserves successfully brought to conclusion. There, NP obtained a settlement of $49.5 million for shareholders of Triton Energy, a Dallas-based oil company. NP also has extensive experience representing Oklahoma clients in complex commercial cases, such as representing CompSource Oklahoma in the $280 million settlement against Bank of New York Mellon involving securities lending; the Oklahoma Teacher Retirement System ("OTRS") in the $80 million settlement against MoneyGram involving federal securities fraud; OTRS and the Oklahoma Law Enforcement Retirement System in the $322 million settlement against Delphi involving federal securities fraud; and the citizens of Blackwell, Oklahoma in the $119 million settlement against Freeport-McMoRan Copper & Gold Inc. NP was named 2019 Trial Team of the Year by The National Trial Lawyers in recognition of its (and Whitten Burrage's) $465 million dollar verdict for the State of Oklahoma against Johnson & Johnson for its role in the opioid crisis in *State of Oklahoma v. Purdue Pharma, LP, et al.*. Although the Oklahoma Supreme Court reversed the verdict on a legal ground, NP continues to pursue other claims against J&J and certain opioid distributors in Oklahoma, as well as in the State of Washington, where NP is set for

trial in the fall of 2022. *See also* Decl. of Trey Duck on behalf of Nix Patterson LLP, attached as Exhibit 1 to Class Representative's Motion for Attorney Fees ("NP Decl.").

The law firm of Whitten Burrage also supports the Fee Request. Whitten Burrage is one of the most accomplished trial law firms in Oklahoma. Its founders—Reggie Whitten and Michael Burrage—have 80 years of combined trial experience, having successfully tried hundreds of jury trials. With an extensive background in complex litigation, Whitten Burrage is engaged in several of the largest and most significant ongoing lawsuits in the United States. In the case of *Burgess v. Farmers Insurance*, Messrs. Whitten and Burrage tried a two-week jury trial in Lawton, Oklahoma that resulted in the largest jury verdict in Oklahoma history—$130,000,000. Michael Burrage was the first Native American federal judge when he was appointed to the Eastern District of Oklahoma in 1994, and in 1996, he was sworn in as chief judge. Both Mr. Whitten and Judge Burrage were inducted into the Oklahoma Hall of Fame, the University of Oklahoma College of Law Hall of Fame, and the prestigious American College of Trial Lawyers. *See generally* WB Decl.

Finally, Plaintiff's Counsel, Mr. Lawrence Murphy, has litigated class actions and complex commercial litigation in the Eastern District of Oklahoma, the Northern District of Oklahoma, the Western District of Oklahoma, Oklahoma state courts, and numerous federal and state courts across the country. Mr. Murphy has also served as "National Supervising Counsel for Bad Faith and Coverage Litigation" for AM Best Top 50 Insurance Companies in excess of five years. *See generally* Murphy Decl.

The quality of representation by counsel on *both* sides of this Litigation was high. Defendant is represented by skilled class action defense attorneys who spared no effort in the defense of their client. *See, e.g., In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 634 (D. Colo. 1976) (competence of defense counsel was significant factor in awarding attorney's fee). Simply

put, without the experience, skill, and determination displayed by *all* counsel involved, the Settlement would not have been reached. *See also* Miller Decl. ¶¶67-68. These factors strongly support the Fee Request.

The fourth and seventh *Johnson* factors—the preclusion of other employment by Class Counsel and time limitations imposed by the client or circumstances—support the Fee Request. The Declarations prove that because the law firms comprising Class Counsel are relatively small, Class Counsel necessarily were limited in their ability to work on other cases and pursue otherwise available opportunities due to their dedication of time and effort to the prosecution of this Litigation. *See* Miller Decl. ¶69. Yet, Class Counsel diligently prosecuted this cased for over 7 years. The case was filed in state court in September 2014, and it has required the devotion of substantial time, manpower, and resources from Class Counsel over that period. And Apache fought hard. For example, after a protracted battle over class certification in this Court (including subsequent motions to modify and reconsider), Apache sought an interlocutory appeal under Rule 23(f), which it took all the way to the U.S. Supreme Court. The litigation was not stayed during that appeal, so Class Counsel faced multiple fronts. Moreover, as the Court knows all too well, third party discovery proved exceptionally difficult in this case too. This was primarily due to the years-long escapade involving Enable/Enogex, a highly relevant third party who processed the gas at issue in this case and, thus, possessed substantial amounts of relevant information that could not be obtained from Apache. Enable also appealed this Court's orders to the Tenth Circuit on multiple occasions. Moreover, this case was not resolved until a couple months before trial. Thus, this case required far more time and resources to prosecute than the typical royalty owner class action.

Further, Class Counsel have spent substantial time and effort in negotiating and preparing the necessary paperwork related to the Settlement. Numerous time limitations have been imposed

on Class Counsel throughout the course of this Litigation. A case of the size and complexity of this one deserves and requires the commitment of a significant percentage of the total time and resources of firms the size of those of Class Counsel. Accordingly, these factors support the Fee Request.

The fifth and twelfth *Johnson* factors—the customary fee and awards in similar cases— further supports the Fee Request. Class Counsel and Class Representatives negotiated and agreed to prosecute this case based on a 40% contingent fee. *See* Rhea Decl. at ¶5. This fee represents the market rate and is in the range of the customary fee in oil and gas class actions in Oklahoma state courts. *See, e.g., Chieftain Royalty Co. v. SM Energy Co.*, No. 18-cv-1225-J (W.D. Okla.) (Dkt. No. 102 at ¶45) (collecting cases); *Reirdon v. Cimarex Energy Co.*, No. 16-CV-113-KEW (E.D. Okla.) (Dkt. No. 63 at ¶51) (same); *see also, e.g., Fitzgerald Farms,* 2015 WL 5794008, at *3 (collecting Oklahoma cases to find in "the royalty underpayment class action context, the customary fee is a 40% contingency fee" and awarding 40% fee of $119 million common fund); *see also* Miller Decl. ¶¶39-43, 70.

Federal and state courts in Oklahoma have approved similar fee awards in similar cases. *See, e.g., Chieftain Royalty Co. v. BP Am. Prod. Co.*, No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Dkt. No. 180); *Hay Creek Royalties, LLC v. Roan Resources LLC*, Case No. 19-cv-177-CVE-JFJ (N.D. Okla. April 28, 2021) (Dkt. No. 74); *Chieftain Royalty Co. v. SM Energy Co.*, No. CIV-18-1225-J (W.D. Okla. Apr. 27, 2021) (Dkt. No. 115 at 13-14); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 120); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 105); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 231); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 124).

Moreover, the Western District of Oklahoma approved a 40% fee and a 39% fee in similar royalty underpayment class actions. *See Laredo* Fee Order ("Class Counsel's request of forty percent (40%) of the $6,651,997.95 Settlement Amount is within the acceptable range of attorneys' fees approved by Oklahoma Courts as being fair and reasonable in contingent fee class action litigation …"); *QEP* Fee Order at *6 (awarding a fee of $46.5 million, which represented approximately 39% of the cash portion of a $155 million settlement); *see also* Miller Decl. ¶¶39-43, 70. Given the outstanding cash recovery, the fact that the Fee Request is in line with the typical fee award granted in similar cases supports its approval.

Moreover, the Fee Request is in line with the typical market rate for high quality legal services in royalty underpayment class actions like this. *See Laredo* Fee Order at 8 ("The market rate for Class Counsel's legal services also informs the determination of a reasonable percentage to be awarded from the common fund as attorneys' fees."); *see also* Miller Decl. ¶¶39-43, 70. The Eastern District has held a contingency fee negotiated at arms' length at the outset of the litigation "reflect[s] the value the Class Representatives placed on the future success of [the] [a]ction." *CompSource Oklahoma*, 2012 U.S. Dist. LEXIS 185061, at *23; *see also Laredo* Fee Order at 8 ("Class Representative negotiated at arm's-length and agreed to a forty percent (40%) contingency fee at the outset of this litigation, reflecting the value Class Representatives placed on the future success of this Litigation."). Here, Class Representative agreed Class Counsel would represent him on a contingency fee basis not to exceed 40%. *See* Rhea Decl. at ¶5. Class Representative's Declaration demonstrates his continued support of the fairness and reasonableness of the Fee Request. *See* Rhea Decl. at ¶17. This factor supports the Fee Request.

The sixth *Johnson* factor—the contingent nature of the fee—also supports the Fee Request. Class Counsel undertook this Litigation on a purely contingent fee basis (with the amount of any

fee being subject to Court approval), assuming a substantial risk that the Litigation would yield no recovery and leave them uncompensated. Courts consistently recognize that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees, and as Professor Miller has aptly noted, "the risk of no recovery in complex cases of this type is very real and is heightened when plaintiffs' counsel press to achieve the very best results for those they represent." *See* Miller Decl. at ¶71. Class Counsel have expended thousands of hours litigating several similar royalty underpayment actions where the courts denied class certification and thus, Class Counsel received no remuneration whatsoever despite their diligence and expertise.[10] Simply put, it would not have been economically prudent or feasible if Class Counsel were to pursue the case under any prospect that the Court would award a fee on the basis of normal hourly compensation.

Further, as stated, Class Representative negotiated and agreed Class Counsel would represent him on a contingency fee basis, not to exceed 40%. *See* Rhea Decl. at ¶5. This agreed-upon fee reflects the value of this Litigation as measured when the risks and uncertainties of litigation still lay ahead. *See CompSource*, 2012 U.S. Dist. LEXIS 185061, at *23-25; *Laredo* Fee Order at 8. If Class Counsel had not been successful, they would have received zero compensation (not to mention reimbursement for expenses). Accordingly, this factor strongly supports the Fee Request.

The tenth *Johnson* factor—the undesirability of the case—also supports the Fee Request. Compared to most civil litigation, this Litigation clearly fits the "undesirable" test. Few law firms would be willing to risk investing the time, trouble, and expenses necessary to prosecute this Litigation for over seven years, through class certification, and partial summary judgment motions,

---

[10]     *See, e.g.*, *Foster v. Apache*, 285 F.R.D. 632 (W.D. Okla. 2012); *Foster v. Merit Energy Co.*, 282 F.R.D. 541 (W.D. Okla. 2012); *Morrison v. Anadarko Petroleum Co.*, 280 F.R.D. 621 (W.D. Okla. 2012); *Tucker v. BP Am. Prod. Co.*, 278 F.R.D. 646 (W.D. Okla. 2011).

after multiple appeals to the Tenth Circuit and an appeal to the U.S. Supreme Court. There was no doubt from the beginning that this lawsuit would be a lengthy undertaking. Past experience had taught Class Counsel that Apache (and Enable for that matter) would fight harder than most oil and gas companies. And, Apache had already succeeded in defeating a much broader class action several years before in a case styled *Foster v. Apache* in Western District of Oklahoma. The investment by Class Counsel of their time, money, and effort in face of these realities, coupled with the attendant potential of no recovery and loss of all the time and expenses advanced by Class Counsel, rendered the case sufficiently undesirable so as to preclude most law firms from taking a case of this nature. And, this Litigation involved a number of uncertain legal and factual issues. For example, in another complex royalty class action, one Oklahoma state court explained:

> Few law firms are willing to litigate cases requiring review of tens of thousands of pages of detailed contracts and accounting records, advance payment of hundreds of thousands of dollars in consultants and expert witness fees, and investment of substantial time, effort, and other expenses throughout an unknown number of years to prosecute a case with high risk, both at the trial and appellate levels.

*Fitzgerald Farms*, 2015 WL 5794008, at *8. The same principle holds true here. Class Counsel, in conjunction with their forensic accounting expert, Barbara A. Ley, reviewed large amounts of electronically produced data, organizational documents, well data, and historical proceeds payments for Oklahoma owners. Class Counsel also advanced $1,665,325.53 in litigation expenses to date. *See* NP Decl. at ¶11; WB Decl. at ¶12. And, Class Counsel expended substantial hours of time over the length of this action. This factor also supports the Fee Request.

The eleventh *Johnson* factor—the nature and length of the professional relationship with the client—also supports the Fee Request. Class Counsel was retained by Mr. Rhea seven years ago, where they discussed his commitment to fulfill the responsibilities of a Named Plaintiff and proposed Class Representative. *See* Rhea Decl. ¶4. He was and remains very active in this

litigation. *See* Rhea Decl. at ¶7. Class Representative negotiated a 40% fee when he agreed to be class representative in this litigation. *See id.* at ¶5. And, Class Representative supports the Fee Request. *See id.* at ¶17. Accordingly, this factor supports Class Counsel's fee request.

In summary, analysis of the *Johnson* factors under federal common law strongly demonstrates that the Fee Request should be approved.

Moreover, while a lodestar calculation is not required, Class Counsel and Liaison Local Counsel collectively spent over 11,774 hours of attorney and paraprofessional time to date prosecuting this Litigation behalf of the Settlement Class. *See generally* Declarations of Trey Duck, Michael Burrage and Lawrence Murphy, attached to Class Counsel's Motion for Approval of Attorneys' Fees as Exhibits 1-3. Moreover, Class Counsel and Liaison Local Counsel anticipates spending at least another 53 hours to this case through Final Approval and distribution, for a total combined lodestar of at least $5,762,570.50. *See id.*

## IV.    CONCLUSION

For the foregoing reasons, Class Counsel respectfully request the Court enter an order granting approval of the Fee Request of $10,000,000.00.

DATED: May 17, 2022. Respectfully submitted,

*/s/ Trey Duck*
Bradley E. Beckworth, OBA No. 19982
Jeffrey J. Angelovich, OBA No. 19981
Lisa Baldwin, OBA No. 32947
Andrew G. Pate, OBA No. 34600
Trey Duck, OBA No. 33347
Cody Hill, TX Bar No. 24095836
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
*bbeckworth@nixlaw.com*
*jangelovich@nixlaw.com*
*lbaldwin@nixlaw.com*
*dpate@nixlaw.com*
*tduck@nixlaw.com*
*codyhill@nixlaw.com*

Susan Whatley, OBA No. 30960
**NIX PATTERSON, LLP**
P.O. Box 178
Linden, TX 75563
Telephone: (903) 215-8310
*swhatley@nixlaw.com*

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
*mburrage@whittenburragelaw.com*

Lawrence R. Murphy, Jr., OBA No. 17681
**SMOLEN LAW**
611 S. Detroit Ave.
Tulsa, OK 74120
Telephone: (918) 777-4529
*larry@smolen.law*

**CLASS COUNSEL**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2022, a true and correct copy of the above and foregoing document was served in accordance with the Local Rules on all counsel of record through the Court's CM/ECF filing system.

_/s/ Trey Duck_
Trey Duck