**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BIGIE LEE RHEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:14-cv-00433-JH |
| | ) | |
| APACHE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER AWARDING ATTORNEYS' FEES**</u>

Before the Court is Class Counsel's Motion for Approval of Attorneys' Fees (Dkt. No. 493) (the "Motion") and Memorandum of Law in Support Thereof (Dkt. No. 494) (the "Memorandum"), wherein Class Counsel seeks entry of an Order approving Class Counsel's request for Attorneys' Fees in the amount of $10,000,000.00. The Court has considered the Motion and Memorandum, all matters and evidence submitted in connection therewith and the proceedings on the Final Fairness Hearing held June 21, 2022. As set forth more fully below, the Court finds the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement (Dkt. No. 484-1) and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Order and Judgment Granting Final Approval of Class Action Settlement as if fully set forth herein.

3. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4.     The Notice stated that Class Counsel would seek attorneys' fees up to $10,000,000.00 to be paid from the Gross Settlement Fund. *See* Declaration of Jennifer M. Keough on Behalf of Settlement Administrator JND Legal Administration LLC, Regarding Notice Mailing and Administration of Settlement ("JND Decl."). Notice of Class Counsel's request for attorneys' fees was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Classes of the request for attorneys' fees is hereby determined to have been the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.

5.     Class Counsel provided the Court with abundant evidence in support of their request for attorneys' fees, including but not limited to: (1) the Motion and Memorandum; (2) the Declaration of Trey Duck on Behalf of Nix Patterson, LLP ("NP Decl."); (3) the Declaration of Michael Burrage ("WB Decl."); (4) the Declaration of Lawrence R. Murphy, Jr. ("Murphy Decl."); and (5) the applicable law, and all pleadings, declarations, and records on file in this matter. This evidence was submitted to the Court well before the objection and opt-out deadline. One objection was submitted by Adam Robinson on behalf of RAW, LLC prior to the evidence being submitted (Dkt. No. 488). Otherwise, none of the evidence was objected to or otherwise refuted by any Settlement Class Member.

6.     Class Counsel is hereby awarded Attorneys' Fees of $10,000,000.00, to be paid from the Gross Settlement Fund. In making this award, the Court makes the following findings of fact and conclusions of law:

(a)     The Settlement has created a fund of $25,000,000.00 in cash for immediate payment to the Settlement Classes. The Settlement is not a "claims-made settlement,"

meaning that Settlement Class Members who do not opt out will automatically receive individual distribution payments. Settlement Class Members will benefit from the Settlement that occurred because of the substantial efforts of Class Representative and Class Counsel;

(b)     On March 31, 2022, JND caused the Short Form Notice of Settlement to be mailed to the 11,238 potential Class Members from the initial Class Member data with a mailing address. *See* JND Decl. at ¶11. The Notice expressly stated that Class Counsel would seek attorneys' fees up to $10,000,000.00. The Short Form Notice also directed class members to a website for further information, including the Long Form Notice, and provided the option of requesting a Long Form Notice be sent via U.S. Mail;

(c)     Class Counsel filed its Motion fourteen (14) days prior to the deadline for Settlement Class Members to object;

(d)     Class Counsel seek an award of attorneys' fees in the amount of $10,000,000.00 (the "Fee Request") to be paid out of the $25,000,000.00 Gross Settlement Fund that Class Counsel obtained for the Settlement Classes. Pursuant to Rule 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Here, the parties have expressly agreed, pursuant to the Settlement Agreement, that federal common law shall govern many issues regarding the Settlement, including the right to, and reasonableness of, attorneys' fees. *See* Settlement Agreement at ¶¶7.1, 11.8. Based on the evidence in the record and for the reasons set forth

in more detail below, the Court finds that, under the facts and circumstances here, Class Counsel's Fee Request is reasonable under federal common law;[1]

(e)    But to remove any doubt, the Parties entered into a Settlement Agreement that specifically authorizes Class Counsel's right to attorneys' fees and selects the law—federal common law—that governs and provides the standards for evaluating the requested fees. *See* Settlement Agreement at ¶¶7.1, 11.8. Specifically, the Parties here contractually agreed that the right to and reasonableness of attorneys' fees (among other things) shall be governed solely by federal common law:

> To promote certainty, predictability, the full enforceability of this Settlement Agreement as written, and its nationwide application, this Settlement Agreement shall be governed **solely by federal law**, both substantive and procedural, as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, Case Contribution Award, **the right to and reasonableness of Plaintiff's Attorneys' Fees and Litigation Expenses**, and all other matters for which there is federal procedural or common law, including federal law regarding federal equitable common fund class actions.

Settlement Agreement at ¶11.8 (emphasis added);

(f)    This choice of law provision should be and is hereby enforced. *See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1121 (10th Cir. 1999) (citing *Restatement (Second) of Conflict of Laws* § 187, cmt. e (Am. Law Inst. 1988)); *see also Williams v. Shearson Lehman Bros.*, 1995 OK CIV APP 154, ¶ 17, 917 P.2d 998, 1002 (concluding that parties' contractual choice of law should be given effect because it does not violate Oklahoma's constitution or public policy); *Barnes Group, Inc. v. C & C Prods.,*

---

[1] In *Strack v. Continental Res., Inc.*, 2021 OK 21, the Oklahoma Supreme Court recently clarified that, under Oklahoma law, the percentage-of-fund method is a permissible method for awarding attorneys' fees in a common fund class action. *See id.* at ¶¶16-17, 19. As such, the Court finds that even if Oklahoma law applied, Class Counsel's fee request is still reasonable.

*Inc.*, 716 F.2d 1023, 1029 n.10 (4th Cir. 1983) ("Parties enjoy full autonomy to choose controlling law with regard to matters within their contractual capacity."). Oklahoma federal courts, including this Court, have enforced similar language in prior settlements. *See, e.g.*, *Chieftain Royalty Co. v. BP Am. Prod. Co.*, No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Dkt. No. 180); *White Family Minerals, LLC v. EOG Resources, Inc.*, Case No. 19-cv-409-RAW (E.D. Okla. November 12, 2021) (Dkt. No. 59 at 4-5); *Donald D. Miller Revocable Family Trust v. DCP Operating Co., LP, et al.*, No. CIV-18-0199-JH (E.D. Okla. June 29, 2021) (Dkt. No. 98 at 3); *Chieftain Royalty Co. v. SM Energy Co.*, No. 18-cv-1225-J (W.D. Okla. Apr. 27, 2021) (Dkt. No. 115 at 4-5); *McClintock v. Enterprise Crude Oil, LLC*, No. 16-cv-136-KEW (E.D. Okla. Mar. 26, 2021) (Dkt. No. 120 at 4-5); *McClintock v. Continuum Producer Services, L.L.C.*, No. 17-cv-259-JAG (E.D. Okla. June 4, 2020) (Dkt. No. 61 at 4-5); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 120 at 4-5); *Chieftain Royalty Co. v. Newfield Exploration Mid-Continent Inc.*, No. 17-cv-336-KEW (E.D. Okla. Mar. 3, 2020) (Dkt. No. 70); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-445-SPS (E.D. Okla. Jan. 29, 2020) (Dkt. No. 134); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 119); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-00113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 103); *Reirdon v. XTO Energy, Inc.*, No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 126); *Chieftain Royalty Co. v. XTO Energy, Inc.*, No. 11-cv-00029-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 230); *Cecil v. BP America Production Co.*, No. 16-cv-00410-KEW (E.D. Okla. Nov. 19, 2018) (Dkt. No. 260). The Court is aware of the Tenth Circuit's holding in *Chieftain Royalty Co. v. EnerVest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455 (10th Cir. 2017). The

5

Court finds the *EnerVest* decision does not bear on the Court's decision here because the Settlement Agreement in this case specifically includes the choice of law language set forth above and, as such, the Court's analysis is governed by the Tenth Circuit's long line of jurisprudence in common fund class actions under the common fund doctrine. *See Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir. 1988); *Uselton v. Commercial Lovelace Motor Freight*, 9 F.3d 849 (10th Cir. 1993). Moreover, as the Court has previously determined, the Supreme Court of Oklahoma's more recent pronouncement in *Strack*, which approved of the percentage-of-recovery method as an available and appropriate method for determining the reasonableness of attorney's fees, now controls and *EnerVest* no longer states the applicable rule. *See Donald D. Miller Revocable Family Trust v. DCP Operating Co., LP, et al.*, No. CIV-18-0199-JH (E.D. Okla. June 29, 2021) (Dkt. No. 98 at 3-4);

(g)     Federal Rule of Civil Procedure 23(h) states "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." An award of attorneys' fees is a matter uniquely within the discretion of the trial judge, who has firsthand knowledge of the efforts of counsel and the services provided. *Brown v. Phillips Petroleum Co.*, 838 F.2d 453 (10th Cir. 1988). Such an award will only be reversed for abuse of discretion. *Id.*; *Gottlieb v. Barry*, 43 F.3d 474, 486 (10th Cir. 1994). Under the Parties' chosen law (federal common law), district courts have discretion to apply either the percentage of the fund method or the lodestar method—but, in the Tenth Circuit, the percentage of the fund method is clearly preferred. *Brown*, 838 F.2d at 454; *Gottlieb*, 43 F.3d at 483; *Chieftain Royalty Co. v. Laredo Petro., Inc.*, No. CIV-12-1319 (W.D. Okla. May 13, 2015) (Dkt. No. 52 at 5) (the "*Laredo* Fee Order"). Further, in the

6

Tenth Circuit, in a percentage-of-the-fund case such as this where federal common law is used to determine the reasonableness of the attorneys' fee under Rule 23(h), neither a lodestar nor a lodestar cross check is required. *Id.*;

(h)    Oklahoma federal courts, including this Court, have previously acknowledged the Tenth Circuit's preference for the percentage method and rejected application of a lodestar analysis or lodestar cross check. *See, e.g.*, *Chieftain Royalty Co. v. BP Am. Prod. Co.*, No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Dkt. No. 180 at 7-9); *Hay Creek Royalties, LLC v. Roan Resources LLC*, Case No. 19-cv-177-CVE-JFJ (N.D. Okla. April 28, 2021) (Dkt. No. 74 at ¶6(c)); *White Family Minerals, LLC v. EOG Resources, Inc.*, Case No. 19-cv-409-RAW (E.D. Okla. November 12, 2021) (Dkt. No. 59 at 5); *Donald D. Miller Revocable Family Trust v. DCP Operating Co., LP, et al.*, No. CIV-18-0199-JH (E.D. Okla. June 29, 2021) (Dkt. No. 98 at 3); *Chieftain Royalty Co. v. SM Energy Co.*, No. 18-cv-1225-J (W.D. Okla. Apr. 27, 2021) (Dkt. No. 115 at 7); *McClintock v. Enterprise Crude Oil, LLC*, No. 16-cv-136-KEW (E.D. Okla. Mar. 26, 2021) (Dkt. No. 120 at 5-6); *McClintock v. Continuum Producer Services, L.L.C.*, No. 17-cv-259-JAG (E.D. Okla. June 4, 2020) (Dkt. No. 61 at 5-6); *Chieftain Royalty Co. v. Marathon Oil Co.,* No. CIV-17-334-SPS (E.D. Okla. March 8, 2019) (Dkt. No. 120 at 5-6); *Reirdon v. Cimarex Energy Co.*, No. 16-CV-113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 105 at 5-6); *Cecil v. BP America Production*, No. 16-CV-410-KEW (E.D. Okla. Nov. 19, 2018) (Dkt. No. 260 at 6); *Chieftain Royalty Co. v. XTO Energy, Inc.,* No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 231 at 6); *Reirdon v. XTO Energy, Inc.,* No. 6:16-CV-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 124 at 5); *CompSource Oklahoma v. BNY Mellon, N.A.*, No. CIV-08-469-KEW, 2012 U.S. Dist. LEXIS 185061, at *23 (E.D.

Okla. Oct. 25, 2012) ("A majority of circuits recognize that trial courts have the discretion to award fees based solely on a percentage of the fund approach and are not required to conduct a lodestar analysis in common fund class actions.") (citing *Union Asset Mgmt. Holding A. G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012)); *see also Chieftain Royalty Co. v. Laredo Petro., Inc.*, No. CIV-12-1319-D (W.D. Okla. May 13, 2015) ("In the Tenth Circuit, the preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method.") (Dkt. No. 52 at 5) (the "*Laredo* Fee Order"); *Northumberland County Ret. Sys. v. GMX Res. Inc.*, No. CIV-11-520-D (W.D. Okla. July 31, 2014) ("The Court is not required to conduct a lodestar assessment of the hours versus a reasonable hourly rate. Nonetheless, even if such an assessment were made, the Court would reach the same conclusion that the requested fees are reasonable.") (Dkt. No. 150, n.1); *Chieftain Royalty Company v. QEP Energy Company*, No. CIV-11-212-R (W.D. Okla. May 31, 2013) (Dkt. No. 182 at 4 n.3); *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. CIV-08-668-R (W.D. Okla. Oct. 5, 2012) (Dkt. No. 329);[2]

(i)    The percentage methodology calculates the fee as a reasonable percentage of the value obtained for the benefit of the class. *See Brown*, 838 F.2d at 454. When determining attorneys' fees under this method, the Tenth Circuit evaluates the reasonableness of the requested fee by analyzing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Brown*, 838 F.2d at 454-55. Not all of the factors apply in every case, and some deserve more weight than others depending on the facts at issue. *Id.* at 456. Based upon that analysis, the applicable law, and the

---

[2] *See also* The MANUAL FOR COMPLEX LITIGATION § 14.121 (4th ed. 2004) also approves of the percentage of the fund method for determining attorneys' fees.

8

evidence submitted to the Court, I have concluded that the requested fee of $10,000,000.00 is reasonable;

(j) The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions presented by the litigation, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Gottlieb*, 43 F.3d at 482 n. 4;

(k) I find that the eighth *Johnson* factor—the amount involved in the case and the results obtained—weighs heavily in support of the requested fee. *See Brown*, 838 F.2d at 456 (holding this factor may be given greater weight when "the recovery [is] highly contingent and . . . the efforts of counsel were instrumental in realizing recovery on behalf of the class."); FED. R. CIV. P. 23(h), adv. comm. note (explaining for a "percentage" or contingency-based approach to class action fee awards, "results achieved is the basic starting point");

(l) Here, the evidence shows that, under the results obtained factor, the Fee Request is fair and reasonable under the circumstances. The $25,000,000.00 Gross Settlement Fund is a significant recovery for the Class;

(m) The Settlement represents a significant, concrete monetary benefit to the Settlement Classes. Unlike cases in which absent class members' recovery is contingent

upon their submission of information or some sort of complicated claims process, here, these benefits are guaranteed and automatically bestowed upon the Settlement Classes as a result of the Settlement. Accordingly, the "results obtained" factor strongly supports a fee award of $10,000,000.00 to be paid from the Gross Settlement Fund;

(n)    I find the other *Johnson* factors also support and weigh strongly in favor of the Fee Request. First, I find the evidence of the time and labor involved weighs in favor of the Fee Request. The time and labor Class Counsel have expended in the research, investigation, prosecution, and resolution of this Litigation is set forth in detail in the NP Declaration, the WB Declaration, and the Murphy Declaration. In summary, this evidence proves that for over seven (7) years, Class Counsel investigated and analyzed the Settlement Classes' claims and conducted discovery, reviewing documents and a large amount of electronically produced data, including organizational documents, well data, and historical proceeds payments for Oklahoma owners. Class Counsel spent significant time working with accounting experts in the prosecution and evaluation of the Settlement Classes' claims and engaged in a lengthy and complex negotiation process to obtain this outstanding Settlement. The process necessary to achieve this Settlement required years of negotiations and extensive consultation with experts to evaluate and analyze damages. Overall, Class Counsel and Liaison Local Counsel have dedicated thousands of hours of attorney and professional time to this Litigation. *See generally* NP Decl.; WB Decl.; and Murphy Decl.;

(o)    Second, I find that the evidence regarding the novelty and difficulty of the questions presented in this action weighs in favor of the Fee Request. Class actions are known to be complex and vigorously contested. The Court notes that in addition to the

10

pleadings on file, declarations and arguments of the parties, the Court has presided over this case for seven years and finds that this case presented novel difficult issues. The legal and factual issues litigated in this case involved complex and highly technical issues. The claims involved difficult and highly contested issues of Oklahoma oil and gas royalty law, which is the precise type of case this Court has noted warrants a 40% fee. *See Donald D. Miller Revocable Family Trust v. DCP Operating Co., LP, et al.*, No. CIV-18-0199-JH (E.D. Okla. June 29, 2021) (Dkt. No. 98 at ¶13) ("The great majority of cases concluding a 40% contingency is reasonable are oil and gas royalty cases, rather than cases like this one seeking the recovery of statutory interest."). The successful prosecution and resolution of the Settlement Classes' claims required Class Counsel to work with various experts to analyze complex data to support their legal theories and evaluate the amount of alleged damages. I find the fact that Class Counsel litigated such difficult issues against the vigorous opposition of highly skilled defense counsel and obtained a significant recovery for the Settlement Classes further supports the fee request in this case. Moreover, Defendant asserted a number of significant defenses to the Settlement Classes' claims that would have to be overcome if the Litigation continued to trial. Thus, the immediacy and certainty of this recovery, when considered against the very real risks of continuing to a trial and possible appeal, supports the Fee Request;

(p)     I find that the third and ninth *Johnson* factors—the skill required to perform the legal services and the experience, reputation, and ability of the attorneys—supports the Fee Request. I find the Declarations and other undisputed evidence submitted prove that this Litigation called for Class Counsel's considerable skill and experience in oil and gas and complex class action litigation to bring it to such a successful conclusion, requiring

11

investigation and mastery of complex facts, the ability to develop creative legal theories, and the skill to respond to a host of legal defenses. Courts in this district are familiar with the work of Nix Patterson, Whitten Burrage and Lawrence Murphy, and find that these attorneys possess the type of experience, reputation and ability that supports the Fee Request;

(q)    The case required investigation and mastery of complex factual circumstances, the ability to develop creative legal theories, and the skill to respond to a host of legal defenses. The law firm of Nix Patterson has years of experience litigating royalty underpayment class actions in Oklahoma state and federal courts. NP also is highly experienced in class action, commercial, *qui tam*, mass tort, securities, and other complex litigation and has successfully prosecuted and settled numerous class actions, including oil and gas royalty underpayment class actions. Additionally, NP has taken on some of the world's largest corporations in contingent fee litigation, including the tobacco industry, the pharmaceutical industry, and the energy industry. NP consists of some of the most experienced complex litigation attorneys in the country. Utilizing creativity and zealous advocacy, these attorneys have achieved huge results for their clients. *See generally* NP Decl. And the same is true here;

(r)    I also find the skill, reputation, and ability of the law firm of Whitten Burrage, Liaison Local Counsel for the Settlement Classes, also supports the Fee Request. The firm's founders have 80 years of combined trial experience, having successfully tried hundreds of jury trials. In 2008, Whitten Burrage obtained what was considered the largest jury verdict in state history. Judge Burrage is a former federal judge in Oklahoma, and served as chief judge beginning in 1996. *See generally* WB Decl.;

12

(s)   I also find the skill, reputation, and ability of Lawrence Murphy also supports the Fee Request. Mr. Murphy has been involved in the successful resolution of several major class-action and bad-faith cases in Oklahoma federal and state courts, as well as federal and state courts across the country. *See generally* Murphy Decl.;

(t)   I find that the quality of representation by counsel on *both* sides of this Litigation was high. Defendant is represented by skilled class action defense attorneys who spared no effort in the defense of their client. *See, e.g.*, *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 634 (D. Colo. 1976). Simply put, without the experience, skill and determination displayed by *all* counsel involved, the Settlement would not have been reached. I find these factors strongly support the Fee Request;

(u)   I find that the evidence regarding the fourth and seventh *Johnson* factors— the preclusion of other employment by Class Counsel and time limitations imposed by the client or circumstances—weighs in favor of the Fee Request. The Declarations and other undisputed evidence demonstrate Class Counsel necessarily were hindered in their work on other cases due to their dedication of time and effort to the prosecution of this Litigation. This case was filed in state court over seven years ago in September 2014, and has required the devotion of significant time, manpower and resources from Class Counsel over that period. Class Counsel has spent substantial time and effort in negotiating and preparing the necessary paperwork related to the Settlement. A case of the size and complexity of this one deserves and requires the commitment of a significant percentage of the total time and resources of firms the size of those of Class Counsel. Prosecution of this litigation placed a significant burden on counsel's time and resources. Accordingly, I find these factors support the Fee Request;

(v)    I find the evidence regarding the fifth *Johnson* factor—the customary fee and awards in similar cases—further weighs in favor of the Fee Request. Class Counsel and Class Representative negotiated and agreed to prosecute this case based on a contingent fee up to 40%. *See, e.g.,* Rhea Decl. at ¶ 5. I find this fee is consistent with the market rate and is in the range of the "customary fee" in oil and gas class actions in Oklahoma state courts over the past fifteen (15) years;

(w)    Federal and state courts in Oklahoma often approve similar and higher fee awards in similar cases. *See, e.g., Chieftain Royalty Co. v. BP Am. Prod. Co.*, No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Dkt. No. 180 at 14-15) (awarding fee equal to 40% ($6 million) of $15 million cash settlement amount); *Hay Creek Royalties, LLC v. Roan Resources LLC*, Case No. 19-cv-177-CVE-JFJ (N.D. Okla. April 28, 2021) (Dkt. No. 74) (awarding a fee equal to 40% ($8.08 million) of the $20.2 million cash settlement amount); *McClintock v. Enterprise Crude Oil LLC*, No. 6:16-cv-00136-KEW (E.D. Okla. Mar. 26, 2021) (Dkt. No. 120) (awarding a fee equal to 40% ($2.36 million) of the $5.9 million cash settlement amount); *Chieftain Royalty Co. v. Newfield Exploration Mid-Continent Inc.*, No. 6:17-cv-00336-KEW (E.D. Okla. Mar. 3, 2020) (Dkt. No. 57) (awarding a fee equal to 40% ($7.8 million) of the $19.5 million cash settlement amount); *Reirdon v. Cimarex Energy Co. & Cimarex Energy Co. of Colorado*, No. 6:16-cv-00445-SPS (E.D. Okla. Jan. 29, 2020) (Dkt. No. 132) (awarding a fee equal to 40% ($4 million) of the $10 million cash settlement fund); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 120); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 105); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 231); *Reirdon v. XTO Energy Inc.*,

14

No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 124). Moreover, the Western District of Oklahoma has approved a 40% fee and a 39% fee in similar royalty underpayment class actions. *See Chieftain Royalty Co. v. SM Energy Co.*, No. 18-cv-1225-J (W.D. Okla. Apr. 27, 2021) (Dkt. No. 115); *Laredo* Fee Order ("Class Counsel's request of forty percent (40%) of the $6,651,997.95 Settlement Amount is within the acceptable range of attorneys' fees approved by Oklahoma Courts as being fair and reasonable in contingent fee class action litigation . . ."); *QEP* Fee Order at *6 (awarding a fee of $46.5 million, which represented approximately 39% of the cash portion of a $155 million settlement). The typical fee award in similar royalty underpayment class actions in Oklahoma state court is 40%. Given the outstanding recovery, I find the fact that the Fee Request is in line with the typical fee award granted in similar cases supports its approval;

(x)     Moreover, I find a 40% fee is consistent with the market rate for high quality legal services in royalty class actions like this. *See, e.g.*, *Chieftain Royalty Co. v. BP Am. Prod. Co.*, No. 18-cv-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Dkt. No. 180 at 16-17); *Laredo* Fee Order at 8 ("The market rate for Class Counsel's legal services also informs the determination of a reasonable percentage to be awarded from the common fund as attorneys' fees."); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 120); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 105); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 231); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 124); *Cecil v. BP America Production Co.*, No. 16-cv-00410-KEW (E.D. Okla. Nov. 19, 2018) (Dkt. No. 260). Oklahoma federal courts have previously held a contingency fee negotiated at arms' length

15

at the outset of the litigation "reflect[s] the value the Class Representatives placed on the future success of this Litigation." *Laredo* Fee Order at 8; *see also CompSource Oklahoma*, 2012 U.S. Dist. LEXIS 185061, at \*23 (same). Stated above, Class Representatives agreed Class Counsel would represent them on a contingency fee basis, not to exceed 40%. Class Counsel is seeking a fee of $10,000,000.00, which is equal to 40% of the Gross Settlement Fund. Class Representative's Declaration in support of Final Approval demonstrates his continued support of the fairness and reasonableness of the Fee Request. *See, e.g.,* Rhea Decl. ¶17. I find this factor supports the Fee Request. Further, Class Counsel submitted significant evidence regarding the fee and market rate that supports this factor. Class Counsel have specialized skill, experience, and qualifications in the area of market value of attorneys' fees in complex litigation, generally—and complex oil and gas litigation, specifically—and have submitted significant testimony in their Declarations demonstrating that the fee structure negotiated with Class Representatives is the market rate for such cases;

(y)     I find the sixth *Johnson* factor—the contingent nature of the fee—also supports the Fee Request. Class Counsel undertook this Litigation on a purely contingent fee basis (with the amount of any fee being subject to Court approval), assuming a substantial risk that the Litigation would yield no recovery and leave them uncompensated. Courts consistently recognize that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. Simply put, it would not have been economically prudent or feasible if Class Counsel were to pursue the case under any prospect that the Court would award a fee on the basis of normal hourly rates;

16

(z)     Further, as noted above, Class Representatives negotiated and agreed Class Counsel would represent them on a contingency fee basis, not to exceed 40%. This agreed-upon fee reflects the value of this Litigation as measured when the risks and uncertainties of litigation still lay ahead. *See Laredo* Fee Order at 8; *CompSource*, 2012 U.S. Dist. LEXIS 185061, at *23-25. If Class Counsel had not been successful, they would have received zero compensation (not to mention reimbursement for expenses). *See, e.g., Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc.*, 2003 OK 72, ¶¶11 & 15-23, 77 P.3d 1042, 1049-53. Prearranged fees, whether fixed or contingent, can be helpful in setting court awarded fees in class actions. *See, e.g., Adkisson v. Koch Industries, Inc.*, No. 106,452 (Okla. Civ. App. Aug. 7, 2009) (unpublished), *cert. denied*, (Okla. Feb. 4, 2010) (Opinion at ¶¶12-22); *Sholer v. State ex rel. Dep't of Public Safety*, 1999 OK CIV APP 100, ¶14, 990 P.2d 294, 299-300. Moreover, even though federal law, not Oklahoma law, governs this issue, I note that when the attorneys' compensation is contingent, Oklahoma law recognizes any attorneys' fee award must account for the risks inherent in such engagements by adjusting "upward the basic hourly rate" to allow for a "risk-litigation" premium. *See, e.g., Morgan v. Galilean Health Enters., Inc.*, 1998 OK 130, ¶14, 977 P.2d 357, 364 n. 30 (citing *Brashier v. Farmers Ins. Co.*, 1996 OK 86, ¶11, 925 P.2d 20, 25 n. 22); *Oliver's Sports Ctr., Inc. v. Nat'l Std. Ins. Co.*, 1980 OK 120, ¶6, 615 P.2d 291, 294-95. Accordingly, I find this factor strongly supports the Fee Request;

(aa)     I find the evidence shows that the tenth *Johnson* factor—the undesirability of the case—weighs in favor of the Fee Request. Compared to most civil litigation, this Litigation clearly fits the "undesirable" test. Few law firms would be willing to risk investing the time, trouble, and expenses necessary to prosecute this Litigation for multiple

17

years. Further, Defendant has proven itself to be a worthy adversary. There was no doubt from the beginning that this lawsuit would be a lengthy undertaking. The investment by Class Counsel of their time, money, and effort, coupled with the attendant potential of no recovery and loss of all the time and expenses advanced by Class Counsel, rendered the case sufficiently undesirable so as to preclude most law firms from taking a case of this nature. And, this Litigation involved a number of uncertain legal and factual issues. Indeed, in another complex royalty underpayment class action, one Oklahoma state court explained:

> Few law firms are willing to litigate cases requiring review of tens of thousands of pages of detailed contracts and accounting records, advance payment of hundreds of thousands of dollars in consultants and expert witness fees, and investment of substantial time, effort, and other expenses throughout an unknown number of years to prosecute a case with high risk, both at the trial and appellate levels.

*Fitzgerald Farms*, 2015 WL 5794008, at *8. I find the same principle holds true here. Class Counsel prosecuted the Litigation for more than seven years, which has included discovery of extensive documents and data, depositions, research, accounting review and analysis, consultation by and with expert witnesses, settlement negotiations among counsel, mediations, land and lease record review and analysis, engineering review and analysis, damage modeling, extensive motion practice, including class certification briefing, and other investigations and preparation. Class Counsel also advanced $1,665,325.53 in litigation expenses to date. And, Class Counsel and Liaison Local Counsel expended over 11,774 hours of time over the length of this action. *See* NP Decl. at ¶8; WB Decl. at ¶9; Murphy Decl. at ¶9. I find this factor also supports the Fee Request;

(bb)    I find the eleventh *Johnson* factor—the nature and length of the professional relationship with the client—also supports the Fee Request. Class Representative is and

18

remains very active in this litigation. *See* Rhea Decl. at ¶20. Class Representative negotiated a 40% fee when he agreed to be class representatives in this litigation. *See* Rhea Decl. at ¶5. And, Class Representative supports the Fee Request. *See* Rhea Decl. at ¶¶7-17. Accordingly, I find this factor supports Class Counsel's fee request;[3]

(cc)    In summary, upon consideration of the evidence, pleadings on file, arguments of the parties, and the applicable law, I find that the *Johnson* factors under federal common law weigh strongly in favor of the Fee Request and that the Fee Request is fair and reasonable and should be and is hereby approved.

7.    The objection submitted by Adam Robinson on behalf of RAW, LLC (Dkt. No. 488) is overruled and hereby severed from this action for the purposes of appeal. In the event any objector appeals this Order and Judgment or any other rulings of this Court, such objector is hereby ordered to post a cash bond in an amount to be set by the Court.

8.    Any appeal or any challenge affecting this Order Awarding Attorneys' Fees shall in no way disturb or affect the finality of the Order and Judgment Granting Final Approval of Class Action Settlement, the Settlement Agreement or the Settlement contained therein.

9.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation,

---

[3] The foregoing twelve *Johnson* factors are also included in the statutory enhancement factors in Oklahoma and thus, are supported by the same evidence under Oklahoma state law. *See* 12 O.S. § 2023(G)(4)(e). The only additional factor under Oklahoma law—the risk of recovery in the litigation—further supports the fee request here. As discussed above, this Litigation involved complex issues of law and fact that placed the ultimate outcome in doubt. There was no guarantee Plaintiffs and the Class would prevail on their legal theories at summary judgment and/or trial. Defendant denies all allegations of wrongdoing or liability and that the Litigation could have been properly maintained as a class action. *See* Settlement Agreement at ¶11.1. In the absence of the Settlement, the outcome of the complex issues in this case would remain uncertain until their ultimate resolution by the Court or a jury, thus placing substantial risk on both Parties.

effectuation or enforcement of the Settlement Agreement and this Order.

10.     There is no reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b), Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2022.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE